IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RYAN MCFADYEN; MATTHEW WILSON; and BRECK ARCHER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| DUKE UNIVERSITY; DUKE UNIVERSITY POLICE DEPARTMENT; AARON GRAVES; ROBERT DEAN; LEILA HUMPHRIES; PHYLLIS COOPER; WILLIAM F. GARBER, II; JAMES SCHWAB; JOSEPH FLEMING; JEFFREY O. BEST; GARY N. SMITH; GREG STOTSENBERG; ROBERT K. STEEL; RICHARD H. BRODHEAD, Ph.D.; PETER LANGE, Ph.D.; TALLMAN TRASK, III, Ph.D.; JOHN BURNESS; LARRY MONETA, Ed.D.; VICTOR J. DZAU, M.D.; ALLISON HALTON; KEMEL DAWKINS; SUZANNE WASIOLEK; STEPHEN BRYAN; MATTHEW DRUMMOND; DUKE UNIVERSITY HEALTH SYSTEMS, INC.; PRIVATE DIAGNOSTIC CLINIC, PLLC; JULIE MANLY, M.D.; THERESA ARICO, R.N.; TARA LEVICY, R.N.; THE CITY OF DURHAM, NORTH CAROLINA; MICHAEL B. NIFONG; PATRICK BAKER; STEVEN CHALMERS; RONALD HODGE; LEE RUSS; STEPHEN MIHAICH; BEVERLY COUNCIL; EDWARD SARVIS; JEFF LAMB; MICHAEL RIPBERGER; LAIRD EVANS; JAMES T. SOUKUP; KAMMIE MICHAEL; DAVID W. ADDISON; MARK D. GOTTLIEB; BENJAMIN W. HIMAN; LINWOOD WILSON; RICHARD D. CLAYTON; DNA SECURITY, INC.; RICHARD CLARK; and BRIAN MEEHAN, Ph.D., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:07-CV-00953 |
| Defendants. | ) |

_____

**<u>ORDER</u>**
_____

Upon consideration of the Joint Motion to reestablish deadlines originally set in the Rule 12 briefing schedule, for good cause shown, and by agreement of the parties to the Motion, it is hereby ORDERED that:

1. The Motion to reestablish deadlines in the Rule 12 briefing schedule entered on March 25, 2008, is GRANTED;

2. The following briefing schedule shall apply to the Rule 12 Motions, Responses and Replies in this matter:

   a. Motions or Answers Due: July 2, 2008;

   b. Responses Due: no later than 90 days after the date all Defendants' Motions or Answers are filed; and

   c. Replies Due: no later than 30 days after the date Plaintiffs' Responses are filed.

3. The Duke University Police Department and the individual Duke Police officers named as defendants in the Complaint shall be recognized as a separate Defendant-group (the "Duke Police Defendants") for purposes of the Rule 12 motion briefing and, along with the other Defendant-groups delineated in the Order dated March 25, 2008, shall have up to and including 50 pages to brief its motion to dismiss and up to

and including 25 pages to brief its reply memorandum. The page limits otherwise established in the Court's ORDER entered on March 25, 2008 are retained and continue to apply to the Rule 12 briefing in this matter.

So ORDERED on this 30th day of April, 2008.

_____
United States District Judge