**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:07-CV-00953**

| | |
|---|---|
| **RYAN MCFADYEN,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **DEFENDANT** |
| v. ) | **CITY OF DURHAM,** |
| ) | **NORTH CAROLINA'S** |
| **DUKE UNIVERSITY,** *et al.*, ) | **MOTION TO DISMISS** |
| ) | **SECOND AMENDED** |
| ) | **COMPLAINT** |
| **Defendants.** ) | |

Defendant the City of Durham, North Carolina (the "City"), by and through its attorneys, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court to dismiss with prejudice all of the claims asserted against the City in Plaintiffs' Second Amended Complaint, for failure to state a claim upon which relief can be granted.

IN SUPPORT WHEREOF, the City respectfully shows the Court the following:

1. Plaintiffs' Fourth Amendment claims arising from the Nontestimonial Order (NTID) and the search of Ryan McFadyen's dormitory room and car (Claims 1 & 2) fail because the NTID and McFadyen searches were fully consistent with Fourth Amendment standards.

2. Plaintiffs' abuse of process claim under 42 U.S.C. § 1983 and common law abuse of process claim (Claims 3 & 19) also fail because neither the Supreme Court nor the Fourth Circuit has ever recognized a federal abuse of process claim, and plaintiffs

have failed to allege an improper use of the search warrant once it was issued, as required to meet the elements under North Carolina law.

3. Both of Plaintiffs' due process claims (Claims 4 & 5) similarly fail. N.C. Gen. Stat. § 15A-272 does not create a cognizable property interest, and the "false public statements" claim fails the "stigma plus" test.

4. Moreover, because Plaintiffs were never tried or convicted of any crime, their claims of manufacturing false evidence and concealing exculpatory evidence (Claims 6 & 7) fail to state a claim. They are nothing more than a transparent effort to sidestep the Supreme Court's ruling in *Albright v. Oliver*, 510 U.S. 266 (1994), in which it rejected a substantive due process right to be free from a malicious prosecution claim.

5. Plaintiffs' retaliation claim (Claim 9) – purportedly grounded in Article IV of the Constitution and the First, Fourth, Fifth and Fourteenth Amendments – likewise fails to state a claim. The only recognized constitutional basis for a retaliation claim is the First Amendment, and Plaintiffs have not even alleged that they engaged in any protected speech or suffered any adverse effect on their First Amendment rights.

6. Because Plaintiffs fail to allege membership in a protected class or that they were deprived of any protected right, treated differently than North Carolinians, or the victims of racial animus, Plaintiffs also fail to state a claim under Article IV of the Constitution or pursuant to 42 U.S. C. §§ 1985 and 1986 (claims 10, 16, & 17).

7. Plaintiffs' overlapping and repetitive allegations arising from *Monell v. Department of Social Services* (claims 11, 12 & 13) should likewise be rejected. Plaintiffs fail to allege how a "zero tolerance" policy against underage drinking and

excessive noise could be the "moving force" behind alleged constitutional violations, and they blatantly mischaracterize North Carolina law in an effort to deem State Prosecutor Nifong an agent of the City. As a matter of law, the City is not responsible for the alleged acts of its employees under a theory of respondeat superior or vicarious liability, nor is the City liable for acts or omissions of State Prosecutor Nifong, who is a separate constitutional officer.

8. Plaintiffs' state law claims involving obstruction of justice, abuse of process, intentional infliction of emotional distress, aiding and abetting a breach of fiduciary duty and negligence-based actions (claims 18, 19, 20, 23, & 25-28) all either fail to meet various required elements under North Carolina law or are barred by the "public duty" doctrine. They should also be dismissed.

9. Finally, any efforts by Plaintiffs to seek punitive damages must be rejected, as the City is immune from such claims.

IN FURTHER SUPPORT of this motion, the City respectfully offers and relies on the following exhibits, attached to this motion:

1. Exhibit 1 – Nontestimonial Identification Order and Application for Nontestimonial Identification Order (Mar. 23, 2006) (Stephens, J.).

2. Exhibit 2 – Search warrant for 610 North Buchanan Blvd. (Mar. 16, 2006).

3. Exhibit 3 – Search warrant for Ryan McFadyen's dormitory room and vehicle, 2C Edens Dormitory # 204, Duke University (Mar. 27, 2006).

4. Exhibit 4 – Letter from Michael B. Nifong to Judge Ralph Walker and attached Order Granting District Attorney's Request for Payment of Expenses (Honorable Ronald L. Stephens) (filed June 5, 2006); and Letter from Michael B. Nifong to Judge Ralph Walker and Order Granting

District Attorney's Request for Payment of Expenses (Honorable W. Osmond Smith, III) (filed October 30, 2006).

IN FURTHER SUPPORT of this motion, the City offers and relies on the accompanying Brief in Support of Defendant City of Durham, North Carolina's Motion to Dismiss Second Amended Complaint.

WHEREFORE, Defendant the City of Durham, North Carolina prays that this motion be granted, that all of Plaintiffs' claims, as set forth above and in the accompanying brief, be dismissed with prejudice, and that the City be awarded such other and further relief as is just and proper. Because of the large number of claims alleged and the complexity of issues raised in the Second Amended Complaint, the City respectfully requests that the Court grant oral argument pursuant to LR7.3(c)(1), MDNC.

This the 2nd day of July, 2008.

| FAISON & GILLESPIE | STEPTOE & JOHNSON LLP |
|---|---|
| By: /s/ Reginald B. Gillespie, Jr. | By: /s/ Roger E. Warin |
| Reginald B. Gillespie, Jr. | Roger E. Warin* |
| North Carolina State Bar No. 10895 | Michael A. Vatis* |
| 5517 Chapel Hill Boulevard, Suite 2000 | Matthew J. Herrington* |
| Post Office Box 51729 | John P. Nolan* |
| Durham, North Carolina  27717-1729 | Steptoe & Johnson LLP |
| Telephone:  (919) 489-9001 | 1330 Connecticut Avenue, NW |
| Fax: (919) 489-5774 | Washington, DC  20036 |
| E-Mail: rgillespie@faison-gillespie.com | Telephone: (202) 429-3000 |
| | Fax: (202) 429-3902 |
| | E-Mail: rwarin@steptoe.com |
| | *(Motion for Special Appearance to be filed) |

Attorneys for Defendant City of Durham, North Carolina

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted, except that, with respect to the following party, a copy is being transmitted via first class mail to the address listed below:

    Linwood Wilson
    *Pro Se*
    [Home Address redacted per LR 7.1(b), MDNC and ECF P&P Manual, part J]

This the 2nd day of July, 2008.

                                FAISON & GILLESPIE

                                By: /s/ Reginald B. Gillespie, Jr.
                                    Reginald B. Gillespie, Jr.
                                    North Carolina State Bar No. 10895