# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. 1:07-CV-00953

| | |
|---|---|
| **RYAN MCFADYEN,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | **JOINT OPPOSITION** |
| ) | **OF CITY DEFENDANTS** |
| v. ) | **TO PLAINTIFFS'** |
| ) | **MOTION FOR** |
| **DUKE UNIVERSITY,** *et al.*, ) | **EXTENSION OF TIME** |
| ) | |
| **Defendants.** ) | |

1. The City Defendants[1] hereby oppose Plaintiffs' belated "Motion for Extension of Time For Plaintiffs To File Responses to Rule 12 Briefs." (Docket No. 66). While the City Defendants would normally be inclined to consent to a request of this nature where a valid reason was proffered, Plaintiffs have given no such reason here.

2. Plaintiffs agreed in March to the briefing schedule ordered by this Court. *See* Docket No. 66. Defendants have kept to that schedule despite the burden of responding to three lengthy, separate complaints filed in this case and in the related *Evans* and *Carrington* matters (Case Nos. 1:07-CV-739 & 1:08-CV-119).

3. The only rationale Plaintiffs offer for the extension is "the number and style of Rule 12 motions presented to them." But Plaintiffs have had Defendants' Rule 12 motions and supporting briefs since July 2, 2008. If "the number and style" of the motions to dismiss truly warranted an extension of time, Plaintiffs would have known this

---

[1] For purposes of this Opposition, the City Defendants are the City of Durham, North Carolina; David W. Addison; Richard Clayton; Kammie Michael; James T. Soukup; Mark D. Gottlieb; and Benjamin W. Himan.

three months ago.  Moreover, it is the Plaintiffs themselves who chose to file a 391-page Complaint with 35 causes of action (which, less than 2 weeks before Defendants' deadline to file a motion to dismiss, Plaintiffs then *expanded* to a 427-page Second Amended Complaint with 40 causes of action, requiring a substantial amendment to this Court's filing deadlines).  They therefore cannot be heard to complain about the complexity of the case they brought and the burden it puts on them now to explain to the Court how their numerous allegations state a claim upon which relief can be granted.

4. The only reason that the City Defendants can conceive of for Plaintiffs to seek an extension of time at this late hour is their desire to address arguments that the City Defendants made in their Reply Briefs in the *Carrington* matter, which were filed on September 29.  But additional time for Plaintiffs' counsel to read and respond to those filings is obviously not a legitimate reason for an extension of time in this case.

5. Moreover, Plaintiffs' motion is out of time.  Because all Defendants filed motions to dismiss on July 2, 2008, Plaintiffs' Responses were due on September 30, 2008.  *See* Order of April 30, 2008 (Docket No. 38) ("Responses Due: no later than 90 days after the date all Defendants' Motions or Answers are *filed* . . . .") (emphasis added); *See* Fed. R. Civ. P. 6(d) (three days added "[w]hen a party may or must act within a specified time after *service*") (emphasis added); 1 Robert M. Bloom, *Moore's Federal Practice–Civil* § 6.05 ("The automatic three-day extension of Rule 6(d) applies only when a party's time to act is measured from the date of *service* of a motion, notice, or other paper.  There is no extension in connection with time periods that are keyed to some event other than service.") (emphasis added).  Any motion for an extension of time

therefore should have been filed by September 30, 2008 at the latest.  Plaintiffs make no showing of "excusable neglect" for their failure to file their Responses, or their motion, on time.  *See* Local Rule 7.3 (k) ("The failure to file a brief or response within the time specified . . . shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect.").

6.	Finally, Plaintiffs' counsel states that he "has contacted and attempted to consulted [sic] with the Defendants' counsel" about an extension of time.  In fact, though some of City Defendants' counsel were contacted by Mr. Ekstrand's office on October 1 between 11:30 a.m. and 12:00 p.m., they were merely told that Plaintiffs would be filing a motion for extension of time later that day.  They were not asked for their consent, or even their position on the motion.  They were also told that Mr. Ekstrand would not be reachable until 4:00 p.m. The motion was filed at 1:17 p.m.  This clearly does not constitute the prior consultation with opposing counsel that the rules require.  *See* Local Rule 6.1(a) ("All motions for an extension of time . . . must comply with Fed. R. Civ. P. 6(b) and show prior consultation with opposing counsel and the views of opposing counsel.").

7.	For the foregoing reasons, Plaintiffs' motion for an extension of time should be denied.

This the 2nd day of October, 2008.

| FAISON & GILLESPIE | STEPTOE & JOHNSON LLP |
|---|---|
| By: /s/ Reginald B. Gillespie, Jr.<br>　　Reginald B. Gillespie, Jr.<br>　　North Carolina State Bar No. 10895<br><br>　　*Attorneys for Defendant the City of*<br>　　　*Durham, North Carolina*<br>　　Post Office Box 51729 [27717-1729]<br>　　5517 Chapel Hill Blvd., Suite 2000<br>　　Durham, North Carolina  27707<br>　　Telephone:  (919) 489-9001<br>　　Fax: (919) 489-5774<br>　　E-Mail: rgillespie@faison-gillespie.com | By: /s/ Roger E. Warin<br>　　Roger E. Warin*<br>　　Michael A. Vatis*<br>　　Matthew J. Herrington*<br>　　John P. Nolan*<br><br>　　*Attorneys for Defendant the City of*<br>　　　*Durham, North Carolina*<br>　　1330 Connecticut Avenue, NW<br>　　Washington, DC  20035<br>　　Telephone: (202) 429-3000<br>　　Fax: (202) 429-3902<br>　　E-Mail: rwarin@steptoe.com<br>　*(Motion for Special Appearance to<br>　　be filed) |

POYNER & SPRUILL LLP

By:/s/ Edwin M. Speas
　　Edwin M. Speas
　　North Carolina State Bar No. 4112

　　*Attorneys for Defendant Mark*
　　　*Gottlieb*
　　3600 Glenwood Avenue
　　Raleigh, North Carolina  27612
　　Telephone:  (919) 783-6400
　　Fax: (919) 783-1075
　　E-Mail: espeas@poynerspruill.com

***SIGNATURES OF COUNSEL CONCLUDED ON NEXT PAGE***

KENNON, CRAVER, BELO, CRAIG
& McKEE, PLLC

By: /s/ Joel M. Craig
    Joel M. Craig
    North Carolina State Bar No. 9179
    *Attorneys for Defendant Benjamin
       Himan*
    4011 University Drive, Suite 300
    Post Office Box 51579
    Durham, NC 27717-1579
    Telephone: (919) 490-0500
    Fax: (919) 490-0873
    E-Mail: jcraig@kennoncraver.com

MAXWELL, FREEMAN & BOWMAN, P.A.

By: /s/ James B. Maxwell
    James B. Maxwell
    North Carolina State Bar No. 2933
    *Attorneys for Defendants David Addison,
       Richard Clayton, Kammie Michael,
       and James T. Soukup*
    Post Office Box 52396
    Durham, North Carolina 27717
    Telephone: (919) 493-6464
    Fax: (919) 493-1218
    E-Mail: jmaxwell@mfbpa.com

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted.

This the 2nd day of October, 2008.

                                  FAISON & GILLESPIE

                                  By: /s/ Reginald B. Gillespie, Jr.
                                       Reginald B. Gillespie, Jr.
                                       North Carolina State Bar No. 10895