# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NUMBER 1:07-CV-00953

| | |
|---|---|
| RYAN McFADYEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DUKE UNIVERSITY, et al., <br><br> Defendants. | Duke Defendants' Opposition to Plaintiffs' Motion to Strike or Exclude From Consideration Elements of the Defendants' 12(b)(6) Motions |

## I.	NATURE OF MATTER

Plaintiffs argue that two exhibits attached to the briefs supporting the Rule 12(b)(6) motions to dismiss filed by the Duke University Defendants, Duke SANE Defendants and Duke Police Defendants (collectively, "Duke Defendants") should be stricken. Plaintiffs' motion should be rejected because one of the challenged exhibits, the Terms and Conditions applicable to the Duke Card, specifically was referenced in Plaintiffs' Second Amended Complaint and is therefore appropriate for this Court's review; and the other challenged exhibit, a chart intended to help the Court and other parties locate related and overlapping arguments in the various briefs, is designed to aid the Court's efficient review of the motions to dismiss. Under these circumstances and where the Court's consideration of the exhibits will in no way prejudice Plaintiffs, their motion to strike should be rejected.

## II. STATEMENT OF FACTS

On March 25, 2008, this Court entered an Order instructing all Defendants to file responses to the initial complaint (including motions to dismiss) no later than April 25, 2008. (3/25/08 Order at 2.) On April 17, 2008, Plaintiffs filed an amended complaint, adding eight new causes of action and changing many of their factual allegations. (4/17/08 Am. Compl.) The next day, Plaintiffs filed their Second Amended Complaint. (4/18/08 Second Am. Compl. ("AC").)

On April 30, 2008, the Court established a deadline of July 2, 2008, for responses to the Second Amended Complaint, and further ordered Plaintiffs to file any responses to the motions to dismiss "no later than 90 days after the date all Defendants' motions … are filed." (4/30/08 Order at 2.) As instructed, the Duke Defendants filed their motions to dismiss on July 2, and, as Plaintiffs acknowledge, Plaintiffs' responses therefore were due on September 30, 2008. (*See* 10/06/08 Pls.' Br. in Supp. of Mot. for Leave to File ("Pls. Br. for Leave"), Dkt. No. 71-2, at 4.) Plaintiffs failed to file any responses on that date and instead, the day after their responses were due, filed a motion asking the Court for an extension of time. (10/1/08 Pls.' Mot. for Extension of Time.) On October 6, 2008, Plaintiffs filed a further motion for leave to file their responses to Defendants' motions to dismiss, and appended their proposed responses to the motions to dismiss as exhibits to the motion for leave to file. (10/6/08 Pls.' Mot. for Leave to File, Exs. 2-11.)

On October 7, 2008, the Court instructed Plaintiffs to "re-file" their responses to Defendants' motions to dismiss on or before October 10, 2008. (10/7/08 Order at 2.)

After 11:00 PM on October 10, Plaintiffs filed responses that were in some respects different from the proposed responses they had submitted to the Court as exhibits on October 6, demonstrating that Plaintiffs had used the additional time for further editing of their briefs. It was not until 11:09 PM on October 10—ten days beyond the filing deadline originally ordered by the Court, four days after Plaintiffs first lodged their responsive briefs with the Court, a full 100 days after service of the Duke Defendants' motions to dismiss, and roughly 5 minutes before they re-filed the first of their briefs responding to the motions—that Plaintiffs filed their motion to strike four of the Duke Defendants' exhibits and one of the Defendant City of Durham's exhibits.[1] (10/10/08 Pls.' Mot. to Strike ("Pls. Mot.").)

## III.     QUESTION PRESENTED

   **A.**    Whether the Court may consider an exhibit to the Duke University Defendants' opening brief in support of their motion to dismiss, where the document was referred to and relied on by Plaintiffs in their amended

---

[1] Importantly, the timing of Plaintiffs' motion to strike subverts the purpose of Rule 12(f)(2). Any motion to strike under Rule 12(f)(2) must be filed "*before* responding to the [challenged] pleading or, if a response is not allowed, within 20 days after service of the pleading." Fed. R. Civ. P. 12(f)(2) (emphasis added). The rationale for requiring that motions be submitted *before* filing a responsive pleading is to allow the Court to make appropriate rulings before considering the responsive pleading and/or enabling the non-movant to correct anything that requires correction before filing the responsive pleading. Although Plaintiffs had 90 days to make this argument, they waited and filed the motion to strike simultaneous with the re-filing of their responses to Defendants' motions to dismiss. *See Betts v. East St. Louis Housing Auth.*, No. 07-0092, 2007 WL 2088813, at *1 (S.D. Ill. July 19, 2007) (motion to strike was untimely where the moving party filed it on the same day that he filed his responsive pleading); *Risetime, Inc. v. Colorado Customware, Inc.*, No. 03-4457, 2003 WL 22478762, at *2 (N.D. Ill. Oct. 31, 2003) (motion to strike was untimely when filed contemporaneously with the responsive pleading).

complaint and where Plaintiffs can point to no prejudice that might result from the Court's consideration of it.

B. Whether the Court may consider an exhibit to the Duke Defendants' opening briefs in support of their motions to dismiss, where the exhibit is a chart intended to aid the Court's review of the multiple briefs and where Plaintiffs can point to no prejudice that might result from the Court's consideration of it.

## IV. ARGUMENT

Motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Simaan, Inc. v. BP Prods. N. Am., Inc.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005) (internal quotation marks and citation omitted). Thus, a motion to strike "should only be granted when it is clear that the material in question can have no possible bearing on the subject matter of the litigation and the material may prejudice the other party." *Id.*; *see also Baucom v. Cabarrus Eye Ctr.*, No. 06-00209, 2007 WL 1074663, at *2 (M.D.N.C. April 4, 2007) (noting that motions to strike are "viewed with disfavor and are infrequently granted"). Plaintiffs' motion does not meet this standard. One of the challenged exhibits, the Duke Card Terms and Conditions, is referenced in Plaintiffs' Second Amended Complaint and is central to one of their causes of action. The other challenged exhibit, a chart designed to show the Court where certain arguments appear in the Duke Defendants' three briefs, is intended to assist the Court in its review of the Duke Defendants' arguments for dismissal of Plaintiffs' Second Amended 427-page Complaint.

### A. The Court May Consider The Duke Card Terms And Conditions (Exhibit 4) On The Duke Defendants' Motions To Dismiss.

Plaintiffs refer in Count 21 of their Second Amended Complaint to a "Duke Transaction Card Agreement" and allege that Duke, pursuant to this agreement, was "contractually bound to safeguard" information captured by the Duke Card. (AC ¶ 1226.) Plaintiffs make allegations and assertions about the document, but failed to append it to their complaint or even provide the quotations from it that Plaintiffs believe are relevant. As indicated in their opening brief (Duke Br. at 43 n.30), the Duke University Defendants are aware of no document known as the "Duke Transaction Card Agreement," but believed that Plaintiffs were referring to a document actually known as the "Duke Card Terms and Conditions." To assist the Court, the Duke University Defendants appended a copy of that document to their brief as Exhibit 4. Because Plaintiffs refer to the document in their complaint and allege that it forms the basis for one of their legal claims, it is appropriate for this Court to consider it in full – especially where Plaintiffs themselves put it in play. *See New Beckley Mining Corp. v. United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

Courts commonly consider, on motions to dismiss, documents that are referred to in the complaint. For example, in *Waters v. Bass*, 304 F. Supp. 2d 802 (E.D. Va. 2004), the district court considered, on the defendants' motion to dismiss, written guidelines

governing a fee program, even though the plaintiff had not attached a document containing those guidelines to his complaint. The court explained that, since the plaintiff had referred to the document in the complaint, it was fair to consider its content in ruling on the motion to dismiss, and made clear that "a complaint includes any document which is incorporated into it by reference." *Id.* at 807 n.8. Similarly, the Fourth Circuit, in an unpublished opinion affirming the district court's grant of the defendant's motion to dismiss, also considered a document that the plaintiff had referred to in his complaint but had not attached as an exhibit. The Fourth Circuit concluded that it could consider the material, since "the complaint includes any document which is … incorporated into it by reference." *Robinson v. Ladd Furniture, Inc.*, No. 92-2286, 1993 WL 211309, at *3 (4th Cir. June 14, 1993).

The "contract" on which Plaintiffs rely to argue that Duke made certain promises to students with respect to their Duke Card accounts is plainly referred to in the complaint and is therefore appropriately subject to this Court's consideration of the motions to dismiss. If the rule were otherwise, a plaintiff could invoke a title for any number of documents referenced in his complaint and preclude a defendant from filing well-grounded motions to dismiss even where (as here) it was clear that the correctly-named document provided no basis for relief to the plaintiff.

Plaintiffs next suggest that it would be inappropriate for the Court to consider the Duke Card Terms and Conditions because its "authenticity" has not been established. (Pls. Mot. at 5-6.) Plaintiffs do not suggest, however, that the alleged contract on which

- 6 -

they rely is different from the Duke Card Terms and Conditions.[2]  Indeed, Plaintiffs provide no basis to question the document's authenticity.

It would be wrong to allow Plaintiffs selectively to extract from the document the text that they believe best serves their alleged claims, mischaracterize that language in their Second Amended Complaint, and then (as they do in their motion to strike) attempt to prevent a full examination of the relevant document by the Court.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them.").  If such a practice were permitted, "a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."  *GFF Corp.*, 130 F.3d at 1385.  Federal courts have wisely averted that course by uniformly holding that documents referred to in a plaintiff's complaint are incorporated therein in their entirety and are appropriate for review on a motion to dismiss.

> **B.  The Other Exhibit (The Chart) Was Intended To Aid The Court's Efficient Review Of The Three Briefs Filed In Support Of The Duke Defendants' Motions To Dismiss And, As Such, Was Properly Appended As An Exhibit.**

Plaintiffs also challenge a chart that was attached as an exhibit to each of the Duke Defendants' motions to dismiss.  That chart is intended merely to facilitate the Court's

---

[2]  Indeed, Plaintiffs do not and cannot state that Exhibit 4 is not in fact what it purports to be.  The forms are widely available to anyone seeking a DukeCard and/or specific services under a DukeCard, and have the date of issue printed on them.  If Plaintiffs believe this form that all students with a DukeCard sign differs in some way from the one they signed, they can make that claim.  To date, they have not.

efficient review of motions seeking to dismiss Plaintiffs' lengthy Second Amended Complaint. Plaintiffs provide no persuasive reason why the Court should be precluded from using this tool.

Plaintiffs' Second Amended Complaint raises forty causes of action against a wide array of defendants, and each cause of action is asserted against a different set of defendants. To avoid burdening the Court with unnecessary repetition of arguments, the Duke Defendants proposed that they file three motions to dismiss so that they could group the parties and the arguments in a way that would facilitate orderly consideration by this Court. This Court entered Orders to that effect on March 25 and April 30, 2008, and consistent with those Orders, the Duke University Defendants, Duke SANE Defendants and Duke Police Defendants each submitted a motion to dismiss and accompanying brief.

Rather than repeat arguments in all three briefs (which the Duke Defendants believe would not have been helpful to this Court), the three groups of Duke Defendants cross-referenced arguments in each others' briefs and developed a chart identifying the briefs and page numbers where certain arguments could be located. The Duke Defendants appended the chart as a convenience to the Court, in much the same way that headers are designed to aid a reader's review of a document. As such, the chart is appropriate as an exhibit, and Plaintiffs' attempt to bar the Court's use of it is misplaced.[3]

---

[3] The chart does not implicate the rationale for converting a Rule 12(b)(6) motion to a summary judgment motion when "matters outside the pleadings are presented." Fed. R.

*See, e.g.*, *Lanier Bus. Prods. v. Graymar Co.*, 342 F. Supp. 1200, 1202 (D. Md. 1972) (rejecting plaintiff's request that headings in the defendants' pleading be stricken where there was no material prejudice to plaintiff and noting that the use of headings can help "delineat[e] and understand[] the complex issues" involved in the litigation). Moreover, contrary to Plaintiffs' assertion, the Orders do not preclude any of the defendants from cross-referencing other defendants' briefs—a practice that is sensible in litigation of this sort, where multiple parties likely will have overlapping legal arguments. Indeed, Plaintiffs employed a similar practice in their briefs opposing the defendants' motions. (*See, e.g.*, Pls.' Opp. to DUPD Defendants' Mot. to Dismiss Pls.' Am. Compl., at 9 n.4; Pls.' Opp. to University Defendants' Mot. to Dismiss Pls.' Am. Compl., at 5 n.4, 6 n.10, 17 n.17; Pls.' Opp. to SANE Defendants' Mot. to Dismiss Pls.' Am. Compl., at 14 n.10.)

Finally, although Plaintiffs assert in conclusory form that they will be prejudiced by this Court's consideration of the exhibits (Pls. Mot. at 7), they provide no basis in fact for that contention. That is a sufficient ground by itself for denial of Plaintiffs' motion. *See Great West Life Assurance Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993)

---

Civ. P. 12(d). Under Rule 12(d), the aim is to ensure that all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Use of the chart as a reference tool to understand where certain arguments are located in the briefs in no way abridges or otherwise affects Plaintiffs' ability to present any material that is pertinent to the motions to dismiss; and there is no conceivable basis on which to think that the addition of a roadmap to the location of arguments in the briefs involves a fact dispute or requires discovery, as Plaintiffs suggest in their efforts to convert proper motions to dismiss to ones for summary judgment.

("Motions to strike are often not granted if there is an absence of a showing of prejudice to the moving party.").

## V. CONCLUSION

Plaintiffs' motion to strike Exhibit 4 to the Duke University Brief and Exhibits 1 to the Duke University, Duke SANE and Duke Police Briefs should be denied.


/s/ Jamie S. Gorelick

Jamie S. Gorelick
District of Columbia Bar No. 101370
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6500
Facsimile: (202) 663-6363
Email: jamie.gorelick@wilmerhale.com

/s/ J. Donald Cowan, Jr.

J. Donald Cowan, Jr.
N.C. State Bar No. 0968
Ellis & Winters LLP
100 N. Greene Street, Suite 102
Greensboro, North Carolina 27401
Telephone: (336) 217-4193
Facsimile: (336) 217-4198
Email: don.cowan@elliswinters.com

# CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2008, I electronically filed the foregoing Duke Defendants' Opposition to Plaintiffs' Motion to Strike or Exclude From Consideration Elements of the Defendants' 12(b)(6) Motions with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> *Counsel for the Plaintiffs*
> Robert C. Ekstrand
> Email: rce@ninthstreetlaw.com
>
> *Counsel for City of Durham and Edward Sarvis*
> Reginald B. Gillespie, Jr.
> Email: rgillespie@faison-gillespie.com
>
> *Counsel for Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, Michael Ripberger, and Laird Evans*
>
> Patricia P. Kerner
> Email: tricia.kerner@troutmansanders.com
>
> D. Martin Warf
> Email: martin.warf@troutmansanders.com
>
> Hannah Gray Styron
> Email: hannah.styron@troutmansanders.com
>
> *Counsel for James T Soukup, Kammie Michael, David Addison, Richard D. Clayton*
> James B. Maxwell
> Email: jmaxwell@mfbpa.com

*Counsel for Mark Gottlieb*
    Edwin M. Speas, Jr.
    Email:  espeas@poynerspruill.com

    Eric P. Stevens
    Email:  estevens@poyners.com

*Counsel for Benjamin Himan*
    Henry W. Sappenfield
    Email:  hsappenfield@kennoncraver.com

    Joel Miller Craig
    Email:  jcraig@kennoncraver.com

*Counsel for DNA Security, Inc., Richard Clark*
    Kearns Davis
    Email:  kdavis@brookspierce.com

    Robert James King, III
    Email:  rking@brookspierce.com

*Counsel for J. Wesley Covington*
    Kenneth Kyre, Jr.
    Email:  kkyre@pckb-law.com

*Counsel for Brian Meehan*
    James A. Roberts, III
    Email:  jimroberts@lewis-roberts.com

*Linwood Wilson, Pro Se*
    Email: ADDRESS REDACTED

This 3rd day of November 2008.

        /s/ Jamie S. Gorelick
        Jamie S. Gorelick

        Attorney for Duke University, Richard H. Brodhead, Stephen Bryan, John Burness, Kemel Dawkins, Matthew Drummond, Victor J. Dzau, Aaron Graves, Allison Haltom, Peter Lange, Larry Moneta, Robert K. Steel, Tallman Trask III, Suzanne Wasiolek, Duke University Police Department, Jeffrey O. Best, Phyllis Cooper, Robert Dean, Joseph Fleming, William F. Garber II, Leila Humphries, James Schwab, Gary N. Smith, Greg Stotsenberg, Duke University Health System, Inc., the Private Diagnostic Clinic, PLLC, Theresa Arico, Tara Levicy, and Dr. Julie Manly