**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:07-CV-00953**

|  |  |  |
|---|---|---|
| **RYAN MCFADYEN,** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | **DEFENDANT CITY OF DURHAM, NORTH CAROLINA'S BRIEF IN** |
| v. | ) ) | **OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR EXCLUDE** |
| **DUKE UNIVERSITY,** *et al.*, | ) ) | **FROM CONSIDERATION** |
| Defendants. | ) ) | |

## I. NATURE OF THE MATTER BEFORE THE COURT

In response to Defendant City of Durham's Motion to Dismiss Second Amended Complaint (doc. no. 61) ("City's Motion to Dismiss"), Plaintiffs have filed not only a Brief in Opposition (doc. no. 77) but also an independent paper styled, "Motion to Strike or Exclude from Consideration Elements of the Defendants' Rule 12(b)(6) Motions" (doc. no. 73) ("Motion to Strike") with an accompanying brief in support (doc. no. 73-2).

Plaintiffs' Motion to Strike seeks to exclude from this Court's consideration certain exhibits attached to motions to dismiss filed by a number of Defendants. As it relates to Defendant City of Durham, North Carolina (the "City"), Plaintiffs assert that the public records attached as Exhibit 4 (doc. no. 61-5) to the City's Motion to Dismiss—consisting of orders by the Superior Court of the State of North Carolina and forwarding letters from the State Prosecutor—may not be judicially noticed by this Court and therefore cannot be considered on a motion to dismiss. Plaintiffs are wrong. As

explained below, this Court may consider matters of public record on motions to dismiss, and Plaintiffs' arguments that these records are somehow open to question are unavailing. As it relates to the City, Plaintiffs' motion should be denied.[1]

## II. STATEMENT OF FACTS

In their Second Amended Complaint, Plaintiffs assert that the City is responsible for a host of actions that were taken by entities unaffiliated with the City, by suing such entities and persons in their "official capacity." Plaintiffs use this approach throughout their Second Amended Complaint, including with respect to DNASI and its employees ("DNASI Defendants"). SAC ¶¶ 1332-53 (Causes of Action 32-34). In its Motion to Dismiss (doc. no. 61), the City made clear that—even taking Plaintiffs' allegations as true and even assuming DNASI acted under state law—the DNASI Defendants could have no official capacity with respect to the *City*. *See id*. at 36 n.22. Plaintiffs themselves allege that State Prosecutor Nifong—having already "take[n] control of the investigation," SAC ¶ 487—was personally responsible for involving the DNASI Defendants in this case. *See* SAC ¶¶ 655; 658; *see also* City's Motion to Dismiss at 36 n.22. Nifong himself then sought an Order directing that rape kit items be transferred to DNASI. SAC ¶ 689. In further support of its argument, the City attached public records showing that the State of

---

[1] As discussed in Section V, *infra*, Plaintiffs' Motion to Strike is improperly filed; the arguments presented therein should have been offered, if at all, within Plaintiffs' Briefs in Opposition in accordance with the schedule set out by this Court. Nevertheless, in an abundance of caution, the City now files this Opposition separate from its Reply Brief, and within the narrower time limits imposed by this Court's local rules for general motions practice. *See* LR7.3(f), MDNC. The City will file a full reply brief in support of its Motion to Dismiss as to all of Plaintiffs' other arguments in accordance with the schedule set out by this Court (doc. no. 72).

North Carolina, not the City, paid for such testing. *See* Exhibit 4 (doc. no. 61-5) to the City's Motion to Dismiss.

### III. QUESTION PRESENTED

The question before this Court is whether certified copies of court orders, which form part of the official public record of the Superior Court of Durham County, North Carolina, and which show that the State paid for the DNA testing completed by DNASI, may be judicially noticed, and therefore appropriately considered by this Court in ruling on the City's Motion to Dismiss.

### IV. THE SUPERIOR COURT ORDERS AND FORWARDING LETTERS ARE PROPERLY BEFORE THIS COURT AND MAY BE CONSIDERED ON A MOTION TO DISMISS

This Court may take judicial notice of "of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment." *Clark v. USDA-RHS*, No. 3:06CV457, 2007 U.S. Dist. LEXIS 80845, at *5 (W.D.N.C. Oct. 22, 2007) (citations omitted), *aff'd*, 2008 U.S. App. LEXIS 13250 (4th Cir. June 23, 2008); *Norfolk Southern Ry. Co. v. Shulimson Bros. Co., Inc.*, 1 F. Supp. 2d 553, 555 n.1 (W.D.N.C. 1998) (finding that information concerning administration of estates attached to the defendant's motion to dismiss was "matter of public record" not requiring conversion to summary judgment motion).

Publicly recorded papers from prior court proceedings meet the public records exception and the court may consider them in deciding a motion to dismiss. *See* F.R.E. 201(b); *Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004) ("Here all of Defendant's exhibits are publicly-recorded papers from

prior court proceedings. They meet the public records exception and the Court may consider them in deciding this motion to dismiss.") (citations, quotations, and alterations omitted); *aff'd as modified*, 142 Fed. App'x 659 (4th Cir. 2004).[2]

Plaintiffs acknowledge this rule, *see* Brief in Support of Motion to Strike at 3-4, and, indeed, offer no objection to the other certified copies of court records from the Superior Court of Durham County, North Carolina that are attached as Exhibits 1 (NTO) (doc. no. 61-2) and 2 (search warrant, 610 N. Buchanan) (doc. no. 61-3) to the City's Motion to Dismiss. Nor do Plaintiffs dispute that the records at issue here are public records of the Superior Court of Durham County. Rather, they offer three unavailing arguments for why the documents should not be considered anyway.

First, Plaintiffs suggest that the records should not be considered by this Court because, Plaintiffs speculate, the records might be incomplete. *See* Brief in Support of Motion to Strike at 4-5 ("there is no testimony as to the completeness of the record"). Plaintiffs offer no reason to believe this is so, or any complementary reason to believe that the court orders are inaccurate. Plaintiffs' raw speculation, standing alone, cannot interfere with the general application of Federal Rule of Evidence 201. *See McGee v. City of Cincinnati Police Dept.*, 2007 WL 1169374, *1 (S.D. Ohio 2007) ("Though

---

[2] *See also Parker v. Homestead Studio Suites Hotel*, No. 5:05-CV-69-BR, 2005 WL 3968291 (E.D.N.C. 2005); *Jackson v. City of Columbus*, 194 F.3d 737, 745-46 (6th Cir. 1999) (documents from plaintiffs' earlier state court mandamus case properly noticed by trial court in subsequent § 1983 action on motion to dismiss), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); Charles A. Wright, et al., Federal Practice and Procedure § 5106.4 ("Writers generally agree that courts can take judicial notice of court records under Rule 201(b)(2).") (footnote omitted); *see also id*. ("[S]ince the enactment of Rule 201 federal courts notice the record of any court, state or federal.") (footnote omitted).

Plaintiff argues that the records submitted by Defendants are incomplete[,] . . . Plaintiff does not argue that the records themselves are inaccurate. . . . Accordingly, the court will consider the exhibits submitted by Defendants.").

Second, Plaintiffs allege that the court orders may not be judicially noticed because "it was known that DNASI was actively lobbying the City for business." Brief in Support of Motion to Strike at 5; SAC ¶¶ 656, 658. But this allegation hardly calls into question the accuracy or reliability of court orders directing the State to pay for DNASI's testing. Moreover, Plaintiffs themselves allege that DNASI was brought into this case through the efforts and actions of State Prosecutor Nifong. *See, e.g.*, SAC ¶ 655 (alleging that it was Nifong who wanted additional DNA testing); 658 (alleging that it was Nifong who specifically selected DNASI).

Third, Plaintiffs suggest that this Court should not take notice of these orders because it was it was Nifong who requested the orders that the bills be paid, and Nifong was later disbarred. Brief in Support of Motion to Strike at 5. But to the extent that this purports to be an argument about authenticity, it represents a fundamental misunderstanding of that term: Nifong's general behavior in the investigation of the Duke lacrosse case has nothing to do with whether the records at issue here are what they purport to be—public records of the Superior Court—a fact that Plaintiffs do not, and cannot, contest. *See* Motion to Dismiss, Exhibit 4 (doc. no. 61-5) at p. 3 of 7 (Judge Stevens) ("IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that the Administrative Office of the Courts shall send payment [to DNASI]."); *id.* at p. 6 of 7 (Judge Smith) (same). Moreover, Plaintiffs' assertions about Nifong actually confirm the

City's point: It was State Prosecutor *Nifong* (not the City) who requested that his own employer (*the State*) be required to pay the bill; he requested such payment through a routine public procedure in which a state court judge ordered such payment; and the order itself was forwarded (again by Nifong) to the Administrative Office of the Courts in the normal course of business. The public records at issue thus serve to *confirm* Plaintiffs' own allegations about Nifong's—and the State's—role in hiring DNASI.

As discussed above, Plaintiffs' arguments do not alter the general rule applicable here: that this Court "may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment." *Clark*, No. 3:06CV457, 2007 U.S. Dist. LEXIS 80845, at *5. The Court should do so here.

## V. PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER

A motion to strike is appropriate only as to pleadings, not in response to motions themselves, and Plaintiffs' motion should be denied for this additional reason. *See Sharpe v. MCI Telecommunications Corp.*, 19 F. Supp. 2d 483, 487 (E.D.N.C. 1998) (motion to strike applies only to pleadings as defined in Fed. R. Civ. P. 7, thus, defendant's motion to strike plaintiff's cross-motion for summary judgment improper); *Jones v. Dep't of Navy*, No. 4:07-CV-165-F, 2008 WL 1967497, at *2 (E.D.N.C. 2008) (motion to strike dismissed because it was advanced to attack a motion, not a pleading); *Fulton v. United Parcel Serv.*, No. 5:01CV373-BR(2), 2003 WL 24033686, at *1 (E.D.N.C. Aug. 7, 2003) ("Defendants' motion to strike plaintiff's reply is DENIED because Fed. R. Civ. P. 12(f) pertains only to pleadings"); *Dedmon v. Rock Creek Films, Inc.*, No. 1:02CV0254, 2002 WL 31833658, at *3 & n.1 (M.D.N.C. Dec 12, 2002)

("Plaintiff responded by filing a motion to strike the motion to dismiss. . . . However, that is not a proper pleading and the motion shall be denied."); Milton I. Shadur, *Moore's Federal Practice–Civil*, § 12.37(2) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.") (footnotes omitted).

Even if a motion to strike were appropriate in this context, it should have been filed well in advance of—rather than contemporaneously with—Plaintiffs' Briefs in Opposition. *See* Fed. R. Civ. P. 12(f); *Risetime, Inc. v. Colorado Customware, Inc.*, No. 03-4457, 2003 WL 22478762, at *2 (N.D. Ill. Oct. 31, 2003) (motion to strike untimely when filed contemporaneously with the responsive pleading); *Betts v. East St. Louis Housing Auth.*, No. 07-0092, 2007 WL 2088813, at *1 (S.D. Ill. July 19, 2007) (same-day filing untimely).

As to Plaintiffs' "request to exclude from consideration," this represents nothing more than a procedural argument that should have been presented in Plaintiffs' Opposition to the City's Motion to Dismiss. *See Sharpe*, 19 F. Supp. 2d at 487 (interpreting defendant's motion to strike plaintiff's summary judgment motion "as a response to [plaintiff's] motion which challenges the motion on procedural grounds"). But Plaintiffs' Brief in Opposition already runs to 51 pages, exceeding the 50-page limit imposed by this Court (doc. no. 72). Plaintiffs should not be permitted to exacerbate their existing violation of this Court's orders by adding even more arguments in separate briefs. For this additional reason, Plaintiffs' motion should be denied.

## VI. CONCLUSION

WHEREFORE, Defendant City of Durham, North Carolina, having fully responded to Plaintiffs' Motion to Strike, respectfully prays that such motion be denied and that the Court consider Exhibit 4 (Doc. 61-5) to City's Motion to Dismiss.[3]

This the 3rd day of November, 2008.

| FAISON & GILLESPIE | STEPTOE & JOHNSON LLP |
|---|---|
| By: /s/ Reginald B. Gillespie, Jr. | By: /s/ Roger E. Warin |
| Reginald B. Gillespie, Jr. | Roger E. Warin* |
| North Carolina State Bar No. 10895 | Michael A. Vatis* |
| 5517 Chapel Hill Boulevard, Suite 2000 | Matthew J. Herrington* |
| Post Office Box 51729 | John P. Nolan* |
| Durham, North Carolina 27717-1729 | Steptoe & Johnson LLP |
| Telephone: (919) 489-9001 | 1330 Connecticut Avenue, NW |
| Fax: (919) 489-5774 | Washington, DC 20036 |
| E-Mail: rgillespie@faison-gillespie.com | Telephone: (202) 429-3000 |
| | Fax: (202) 429-3902 |
| | E-Mail: rwarin@steptoe.com |
| | *(Motion for Special Appearance to be filed) |

Attorneys for Defendant City of Durham, North Carolina

---

[3] For the reasons stated, the City respectfully submits that the Motion to Strike should be denied. If the Court is unable to conclude that the exhibit may be properly considered for purposes of the City's Rule 12(b)(6) motion, the City does *not* request that the Court convert the City's Motion to Dismiss to a Rule 56 motion, even if not converting the motion necessitates disregarding the exhibit.

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record (or that the party is a registered user of record), to each of whom the NEF will be transmitted.

This the 3rd day of November, 2008.

                              FAISON & GILLESPIE

                              By: /s/ Reginald B. Gillespie, Jr.
                                  Reginald B. Gillespie, Jr.
                                  North Carolina State Bar No. 10895