# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF NORTH CAROLINA

RYAN McFADYEN, *et al.*,

    Plaintiffs,

v.

DUKE UNIVERSITY, *et al.*,

    Defendants.

Civil Action No. 1:07-cv-953

**PLAINTIFFS' REPLY TO DNASI'S AND RICHARD CLARK'S PURPORTED RESPONSE TO PLAINTIFFS' REQUEST FOR LEAVE TO SCHEDULE AND CONDUCT THE RULE 26(f) DISCOVERY CONVERENCE**

Dated: November 10, 2008

**EKSTRAND & EKSTRAND LLP**
Robert C. Ekstrand (NC Bar #26673)
Attn. Stefanie A. Sparks
811 Ninth Street, Suite 260
Durham, North Carolina 27705

***Counsel for Plaintiffs Ryan McFadyen,***
***Matthew Wilson, and Breck Archer***

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................i

NATURE OF THE MATTER BEFORE THE COURT ....................................................... 1

CONCLUSION ........................................................................................................ 3

## NATURE OF THE MATTER BEFORE THE COURT

The matter before the Court is a purported "Response" to a motion that does not exist. The purported Response was filed by Defendants DNASI and Richard Clark (collectively, "DNASI"). [Document #90]

## ARGUMENT

Plaintiffs have filed no motion to which DNASI's Response is appropriate. Plaintiffs have filed no brief in support of any such purported motion. Instead, DNASI's "Response" is directed to a request in the "Conclusion" of Plaintiffs' Brief in Opposition to DNASI's Motion to Dismiss the First Amended Complaint (Pls.' Opp. Br. (DNASI)). [Document #79]. The Plaintiffs made the same request at the close of the nine other briefs Plaintiffs filed in opposition to every Defendant's motion to dismiss the Amended Complaint in this action. Only DNASI and Clark have filed a "Response." Even Defendant Meehan—who has consistently joined in DNASI's motions and briefs in this matter—has not joined DNASI and Clark in their "Response." There are good reasons DNASI and Clark stand alone.

First, DNASI and Clark obfuscate the Plaintiffs' request by extracting one-half of a statement made in the concluding paragraphs of Plaintiffs' Brief. In what is becoming a pattern in the Defendants' motions practice in this case, DNASI omits material facts that deprive their argument of any force. Here, DNASI omits the facts that deprive their "Response" of a reason to exist. Specifically, DNASI's "Response" advises the Court:

> Plaintiffs state: '[w]ith respect, Plaintiffs request leave to schedule the Rule 26(f) discovery conference.' No explanation is provided for this "request", and neither a separate motion nor a supporting brief has been filed.

*Id.* at 1. The omitted context from which DNASI and Clark excised those words dramatically alters the meaning that DNASI and Clark ascribe to Plaintiffs' request. The entirety of Plaintiffs' concluding passage reads:

> *The DNASI Defendants have made no other arguments in support of dismissal of Plaintiffs' claims. With respect, Plaintiffs request leave to schedule the Rule 26(f) discovery conference.*
>
> *CONCLUSION*
>
> *For the foregoing reasons, the Court should deny Defendants' Motions to Dismiss, and Plaintiffs' request for leave to conduct the Rule 26(f) discovery conference should be granted.*

Pls.' Opp Br. (DNASI) at 38. Thus, when the clarifying context is restored to the disembodied phrase, it is obvious that no separate brief is required. It is clear that the leave Plaintiffs seek is the natural consequence of the DNASI Defendants' failure to establish a basis to dismiss Plaintiffs' claims against them. In other words, the Plaintiffs request for leave to schedule and conduct the Rule 26(f) discovery conference is based upon the proposition that DNASI and Clark's motion to dismiss is baseless. That proposition, in turn, is supported by all of the "foregoing reasons" set forth in Plaintiffs' Opposition Brief.

DNASI's alternative basis for opposing Plaintiffs' concluding request fails because it depends upon two fallacies. Both of them are embedded in DNASI's contention that "the conduct of a Rule 26(f) conference and the commencement of discovery while motions to dismiss are pending would be inappropriate… ." *Id.* at 1. The first is the false premise that Plaintiffs' request seeks to "commence[] discovery while motions to dismiss are pending." *Id.* The second is the false premise that Plaintiffs' request seeks authorization to conduct the Rule 26(f) conference "while motions to dismiss are pending." *Id.* Both premises are contradicted by the words DNASI and

Clark omitted from their recitation of the text of Plaintiffs' request.  Again, Plaintiffs' concluding request seeks an Order denying DNASI's motions to dismiss and granting Plaintiffs' leave to schedule and conduct the Rule 26(f) discovery conference.

The only other argument DNASI offers to support its response is the Brief DNASI, Clark, and Meehan filed in Response to the Plaintiffs' Motion to Compel Defendants to Confer Under Rule 26(f) filed in *Evans, et al. v. City of Durham, et al.*, 1:07—CV—739.  A similar motion was filed and opposed by DNASI in *Carrington, et al. v. Duke University, et al.*, 1:08—CV—179.  Notably, the three Plaintiffs in this action have not moved to compel DNASI's participation in a Rule 26(f) conference.  Plaintiffs refrained from doing so in observance of the established discovery practice in the Middle District.  Plaintiffs have also relied upon DNASI's and other Defendants unequivocal assurances to the Court that they have taken the steps necessary to identify and preserve the materials they must produce in discovery.   In light of that history, it is implausible to suggest that Plaintiffs would embed a motion to compel DNASI's participation in a Rule 26(f) discovery conference in their Brief in opposition to the DNASI Defendants' Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons, DNASI's "Response" should be struck as improperly filed in the absence of a motion authorizing a responsive brief, in violation of L.R. 7.3.  In the alternative, DNASI's "Response" should be treated as their Reply to Plaintiffs' Brief in Opposition to the DNASI Defendants' Motion to Dismiss, and, accordingly, deny the DNASI Defendants' Motion to Dismiss and direct the Clerk to schedule the initial pretrial conference in this matter, pursuant to L.R. 16.1(b).

Dated: November 10, 2008

Respectfully submitted,

EKSTRAND & EKSTRAND LLP

/s/ Robert C. Ekstrand
_____
Robert C. Ekstrand, Esq. (NC Bar #26673)
Attn: Stefanie A. Sparks
811 Ninth Street, Suite 260
Durham, North Carolina 27705
Email: rce@ninthstreetlaw.com
Email: sas233@law.georgetown.edu
Phone: (919) 416-4590

*Counsel for Plaintiffs Ryan McFadyen,
Matthew Wilson, and Breck Archer*

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

RYAN MCFADYEN, ET AL.,

   Plaintiffs,

v.

DUKE UNIVERSITY, ET AL.,

   Defendants.

Civil Action No. 1:07-cv-953

## CERTIFICATE OF SERVICE

I hereby certify that, on November 10, 2008, I electronically filed the foregoing PLAINTIFFS' REPLY TO DNASI'S AND RICHARD CLARK'S PURPORTED RESPONSE TO PLAINTIFFS' REQUEST FOR LEAVE TO THE CONDUCT 26(f) DISCOVERY CONVERENCE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

   James Donald Cowan, Jr.
   Ellis & Winters, LLP
   100 North Greene Street, Suite 102
   Greensboro, NC  27401
   *Counsel for the University Defendants*

   Dixie Wells
   Ellis & Winters, LLP
   100 North Greene Street, Suite 102
   Greensboro, NC  27401
   *Counsel for the University Defendants*

Jamie S. Gorelick
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
*Counsel for the University Defendants*

Jennifer M. O'Connor
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Ave., N.W.
Washington, DC  20006
*Counsel for the University Defendants*

Paul R.Q. Wolfson
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
*Counsel for the University Defendants*

William F. Lee
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, MA  02109
*Counsel for the University Defendants*

Dan J. McLamb
Yates, McLamb & Weyher, LLP
One Bank of America Plaza, Ste 1200
421 Fayetteville Street
Raleigh, NC 27601
*Counsel for the Sane Defendants*

Reginald B. Gillespie, Jr.
Faison & Gillespie
P.O. Box 51729
Durham, NC 27717
*Counsel for City of Durham, North Carolina*

Patricia P. Kerner
Troutman Saunders, LLP
434 Fayetteville Street, Suite 1900
Raleigh, NC 27601
*Counsel for Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, Laird Evans, and Lee Russ*

D. Martin Warf
Troutman Sanders LLP
P.O. Drawer 1389
Raleigh, North Carolina 27602
*Counsel for Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, Laird Evans, and Lee Russ*

James B. Maxwell
Maxwell, Freeman & Bowman
P.O. Box 52396
Durham, NC 27717-2396
*Counsel for David Addison, Kammie Michael, Richard D. Clayton and James T. Soukup*

Joel M. Craig
Kennon, Craver, Belo, Craig & McKee
4011 University Drive, Suite 300
Durham, NC 27707
*Counsel for Benjamin W. Himan*

Edwin M. Speas, Jr.
Poyner & Spruill, LLP
P.O. Box 10096
Raleigh, NC 27605-0096
*Counsel for Mark Gottlieb*

Eric P. Stevens
Poyner & Spruill, LLP
P.O. Box 10096
Raleigh, NC 27605-0096
*Counsel for Mark Gottlieb*

Kearns Davis
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
P.O. Box 26000
Greensboro, NC  27420
*Counsel for DNA Security, Inc. and Richard Clark*

Robert J. King, III
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
P.O. Box 26000
Greensboro, NC  27420
*Counsel for DNA Security, Inc. and Richard Clark*

Linwood Wilson
**\*\* Address Redacted Pursuant to Local Rule \*\***

I further certify that I caused the foregoing document to be served by first-class mail, postage prepaid, to the following non CM/ECF participants:

Paul R. Dickinson, Jr.
Lewis & Roberts, PLLC
5960 Fairview Road, Suite 102
Charlotte, NC  28210
*Counsel for Brian Meehan*

James A. Roberts, III
Lewis & Roberts, PLLC
1305 Navaho Drive, Suite 400
Raleigh, NC  27609-7482
*Counsel for Brian Meehan*

Roger E. Warin
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20003
*Counsel for City of Durham, North Carolina*

Robert A. Sar
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2301 Sugar Bush Road, Suite 600
Raleigh, NC  27612
*DNA Security, Inc.*

Nicholas J. Sanservino, Jr.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2301 Sugar Bush Road, Suite 600
Raleigh, NC 27612
*DNA Security, Inc.*

Respectfully submitted,

**EKSTRAND & EKSTRAND LLP**

/s/ Robert C. Ekstrand

Robert C. Ekstrand, Esq.
NC Bar #26673
811 Ninth Street, Suite 260
Durham, North Carolina 27705
Email: rce@ninthstreetlaw.com
Phone: (919) 416-4590
*Counsel for Plaintiffs Ryan McFadyen,
Matthew Wilson, and Breck Archer*

25352