UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF NORTH CAROLINA

RYAN McFADYEN, *et al.*,

    Plaintiffs,

v.

DUKE UNIVERSITY, *et al.*,

    Defendants.

Civil Action No. 1:07-cv-953

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE OR EXCLUDE FROM CONSIDERATION ELEMENTS OF DEFENDANTS' 12(b)(6) MOTIONS**

Dated: November 21, 2008

Respectfully submitted,

**EKSTRAND & EKSTRAND LLP**
Robert C. Ekstrand (N.C. Bar No. 26673)
811 Ninth Street, Second Floor
Durham, North Carolina 27705
Phone: (919) 416-4590
Email: rce@ninthstreetlaw.com

*Counsel for Plaintiffs Ryan McFadyen, Matthew Wilson, and Breck Archer*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. 1

NATURE OF THE MATTER BEFORE THE COURT ...................................................... 2

ARGUMENT ...................................................................................................................... 2

    I.    DEFENDANTS DO NOT DISPUTE STANDARD FOR DETERMINING WHETHER THE EXCEPTION TO THE RULE AGAINST CONSIDERATION APPLIES. ...................................................................... 2

        A.  The University's DukeCard Document is not Even Upon In The Complaint And Integral To Plaintiffs' Claims ......................... 3

        B.  The University Defendants' "Argument Map" .......................................... 6

        C.  The City's Exhibit 4: "Superior Court Order Directing the State to Pay Invoices for Services Rendered to the City by DNASI" .......... 7

CONCLUSION ................................................................................................................ 11

# NATURE OF THE MATTER BEFORE THE COURT

The matter before the Court is Plaintiffs' Motion to Strike or Exclude from Consideration Elements of the Defendants' Rule 12(b)(6) Motions to Dismiss ("Motion to Exclude") [Document #73].   The Motion to Exclude is directed towards two "Exhibits" annexed to the University's Motion to Dismiss:  (1) the University Defendants' DukeCard Document [Document # 46-5], and (2) the University Defendants' Argument Map, annexed to all three University Defendant Groups' Motions to Dismiss, [Document #46-2, Document #48-2, and Document #50-2].  The Motion to Exclude is also directed to one "Exhibit" annexed to the City's Motion to Dismiss:  the City's Orders for Payment of Invoices for Services Rendered to the City, [Document #61-5].   Plaintiffs consolidate here their Reply to the University's and City's Responses to their Motion to Exclude.

# ARGUMENT

Plaintiffs filed their Motion to Exclude to object to the presentation of extraneous documents that, if considered, threaten to convert Defendants' Rule 12 motion into one for summary judgment by operation of Rule 12(d).  Fed.R.Civ.P. Rule 12(d)  ("If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment.").  To prevent conversion, Plaintiffs request an Order excluding the extraneous documents from the Court's consideration in ruling on the Defendants' Motions to Dismiss.  *Id.*

I.  **DEFENDANTS DO NOT DISPUTE STANDARD FOR DETERMINING WHETHER THE EXCEPTION TO THE RULE AGAINST CONSIDERATION APPLIES.**

This Court has consistently refused to allow the annexation of exhibits and presentation of extraneous material in responsive pleadings to convert Rule 12 motions into summary judgment motions. For example, in a lawsuit brought by a student against a university and others, the defendants moved to dismiss the plaintiffs' claims pursuant to Rule 12(b)(6), and, as here, offered "documents that were extraneous to the pleadings." *See Jennings v. University of North Carolina at Chapel Hill,* 240 F.Supp.2d 492 (2002). Even though the documents defendants presented purported to establish a statute of limitations defense, this Court refused to consider them. *Id*. In an Order issued prior to its determination of the defendants' Rule 12 motions, the Court stated that it "would not consider such documents in deciding the motion under Rule 12(b)(6)." *Jennings*, No. 1:99-CV-400, Order [Document #70] (M.D.N.C. September 7, 1999).[1] In response to the Order, the defendants withdrew their motions to dismiss insofar as they relied upon the extraneous material. *Id.* at 514. Plaintiffs request that a similar Order be entered here.

An exception to the rule excluding extraneous documents applies whenever a party extracts statements from a document or relies upon a document in stating a claim,

---

[1] The full docket text for of the Court's Order states: "MEMORANDUM ORDER granting [66-1] motion to exclude the Affidavits of Susan Ehringhaus, Anson Dorrance and David Lanier from its consideration of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint… . (signed by JUDGE N. C. TILLEY JR.) [EOD Date 9/7/99] (R. Winchester). Modified on 09/15/1999.

but fails to annex the entire document. A party opponent under those circumstances may file the document and the Court will consider it, particularly if the document casts a different light on the material excerpted from the document. *See, e.g., Blankenship v. Manchin,* 471 F.3d 523, 526 (4th Cir.2006); *American Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. 2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618, (4th Cir.1999); *Simaan, Inc. v. BP Products N. Am., Inc.,* 395 F.Supp.2d 271, 276 (M.D.N.C. 2005) (considering matters extraneous to the complaint because they were "referred to in Plaintiffs' Complaint and [were] central to Plaintiffs' claims… .") (citing *Venture Assocs. Corp. v. Zenith Data Sys.,* 987 F.2d 429, 431-32 (7th Cir.1993). ). Thus, on a Rule 12 motion, the Court may consider a document not annexed to the complaint without converting the motion into one for summary judgment where the Plaintiff has both (1) referred to and relied on the document in the Complaint, and (2) the document is integral to Plaintiffs' claims. *See, Blankenship v. Manchin,* 471 F.3d 523, 526 (4th Cir.2006); *American Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. 2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618, (4th Cir.1999). The Defendants have failed provide any basis for the Court's consideration of the Exhibits at issue.

> **A.   The University Defendants Concede that the DukeCard Document is Never Referred to in the Amended Complaint.**

The University Defendants concede that Plaintiffs never even refer to their Exhibit 4 [Document #46-5]. Univ. Resp. at 5 (the Defendants' only citation to the Amended Complaint, ¶1226, does not refer to the document). Nevertheless, Defendants repeatedly claim that Plaintiffs referred to and relied upon the agreement (without quoting from it

3

once). Plaintiffs did not rely upon the University's Exhibit 4, entitled "Terms and Conditions," and it is ***not*** integral to Plaintiffs' claims relating to the unlawful disclosure of information in Plaintiffs financial accounts with the DukeCard office, which are based upon state and federal statutes. The University Defendants concede, as they must, that the Duke Card document is neither integral to Plaintiffs' claims, nor relied upon—or even referred to—in the Amended Complaint. *See id.*

Having conceded that the Amended Complaint does not refer to, rely upon, or integrate their Exhibit 4, the University Defendants nevertheless persist in arguing against exclusion of the document. They contend that "Plaintiffs make [sic] allegations and assertions about the document, but failed to append [the document] to their complaint or even provide the quotations from it that the plaintiffs believe are relevant." *Id.* However, the only "allegations and assertions about the document" that Defendants could point to is neither an allegation nor is it an assertion: it is a phrase of four words that the University Defendants excised and recast into an allegation that the Amended Complaint does not make. The phrase they cite is, "contractually bound to safeguard." Univ. Resp. at 5 (citing AC ¶1226). That is not a reference to a document, much less the document the University has presented. The flaw in the University's logic is that it misidentifies the source of the University's duty to safeguard the privacy of Plaintiffs' financial information that Plaintiffs primarily allege. The source of the duty is the North Carolina Financial Privacy Act (codified at N.C.G.S. §53B-1, *et seq*.). *See,* Brief Supporting Pls.' Motion to Strike, at 5 (arguing that, to the extent that the document is being offered to establish the University's right to disclose information contained within the financial transaction account, the document "does not contain a waiver sufficient to meet the

requirements of a waiver under N.C.G.S. § 53B, *which is the statute that Plaitniffs allege these Defendants violated*. That statute itself **creates its own cause of action**.") (emphasis added); *id*. ("The [North Carolina] Financial Privacy Act prohibits the disclosure without notice or a waiver sufficient to meet the requirements of the Federal Financial Privacy Act.").

University Defendants could not locate any allegation in the Amended Complaint that quoted from, relied upon, or even referred to their Exhibit 4. Instead, they argue it should still be considered, contending that, even though Plaintiffs did not rely upon or refer to the document, Plaintiffs *meant to do so*. Univ. Resp. at 5 (the University Defendants "believed that Plaintiffs were referring to" their Exhibit 4 *even though it was not mentioned*.). That contention speaks for itself, and it should end the inquiry.

The University Defendants grasp at smoke when they argue that the document should be considered because one four-words phrase (that does not mention the document) made Defendants "believe" Plaintiffs were referring to their Exhibit 4. The belief that a phrase that might theoretically be a reference to some extraneous document does not justify consideration of the document in a Rule 12 motion, particularly when the relevant claims are bases upon statutes (and not the extraneous document presented). That is simply not the standard that this Court applies in allowing an exception to the rule against consideration of extraneous documents in Rule 12 motions. *See, e.g., Blankenship v. Manchin,* 471 F.3d 523, 526 (4th Cir.2006); *American Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. 2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618, (4th Cir.1999). There is no basis for consideration of Document #46-5 in ruling upon the Defendants' Motion to Dismiss.

B.     The University Defendants' "Argument Map"

The University Defendants argue that their chart of argument locations ("Argument Map") was created to aid the Court in locating the University Defendants' arguments within the byzantine briefing scheme they utilized in spite of this Court's Order denying the University Defendants' original request to file one consolidated Brief totaling 150 pages.  *See* Document #23, 29, 37,38.[2]

Defendants argue that the Argument Map is benign, contending that it will "facilitate the Court's efficient review" of the motions to dismiss.  Univ. Resp. at 8.  If this were the only implication of the University's Argument Map, Plaintiffs would not object.  However, Plaintiffs are compelled to object because the Argument Map purports to be a complete recitation of the causes of action Plaintiffs have asserted, and it fails to identify all of Plaintiffs' claims.  For example, nowhere in the University's Argument Map will the Court find the Plaintiffs' statutory claim for violation of the North Carolina Financial Privacy Act.[3]  While there is no enumerated cause of action solely devoted to claims under the Financial Privacy Act, there is no requirement that Plaintiffs identify in a separate cause of action for every claim stated in the Amended Complaint.  Plaintiffs Financial Privacy Act claim is properly embedded within the Plaintiffs Causes of Action relating to breach of fiduciary duties and aiding and abetting the breach of fiduciary duties.  Locating the causes of action there is in keeping with the statutory right of action against the University Defendants for violations of the Act in unlawfully disclosing the

---

[2] The same Argument Map is attached to each University Defendant Group's Motion to Dismiss.  [Document #46-2, Document #48-2, and Document #50-2].

[3] N.C.G.S. § 53B-1, *et. seq.*

Plaintiffs account DukeCard account data to City police, and Plaintiffs' related cause of action against the City Defendants for aiding and/or soliciting the violation. *See* N.C.G.S. §53B-10 (providing cause of action, statutory damages, compensatory damages, and punitive damages for willful or intentional violations).

It is on that basis alone that the Plaintiffs' objection is made, and the Plaintiffs do not object to the Court's use of the University Defendants' Argument Map as a means of locating Defendants' arguments within the University's briefing scheme. However the Plaintiffs request that the Court not rely on the University's Chart as a means of identifying the causes of action that Plaintiffs have stated in their Amended Complaint.

### C. The City's Superior Court Order Directing the State to Pay Invoices for Services Rendered to the City by DNASI

Applying the standards to the City's Exhibit 4 leaves little room for the City to argue that the Superior Court Order directing the State to pay DNASI's invoice for services rendered to the City was *both* relied upon in Plaintiffs' complaint or integral to plaintiffs Claims. The City does not contend that anything in Exhibit 4 was either referred to in the Amended Complaint or integral to Plaintiffs' claims, nor could it.

Instead, the City departs from the standard altogether and argues that the orders and invoices contained in Exhibit 4 are matters of public record, and therefore the Court may take judicial notice of this exhibit without converting a Rule 12(b)(6) motion into a motion for summary judgment. (Def. Opp. Br. at 3). The City misses the point. Plaintiffs' argument is not that the document is not an Order of a Superior Court. That is not all that the City offers the document to prove. The City is offering the document to

prove that DNASI, Meehan, and Clark are not agents of the City, based upon the contention that the State paid them for the services that *they rendered to the City.*

The City misconstrues Plaintiffs' argument as a dispute over the authenticity of the documents. Plaintiffs have not disputed that the documents the City has carefully selected from the body of documents that relate to DNASI's agency with respect to the City, nor must they do so to have them excluded, as the City seems to imply. Rather, Plaintiffs point to the simple fact that since discovery has not been authorized, there is no way for Plaintiffs or this Court to know if the documents in question actually mean what the City claims them to mean (i.e., that DNASI, Clark, and Meehan were not agents of the City). In light of that, the Plaintiffs cannot concede that the City has not repeated the same error in this one. Much discovery is required to settle the issue of DNASI's, Clark's, and Meehan's agency. The City should not be allowed to hand-select evidence with one hand, and stem the flow of evidence in discovery with the other.

Discovery may reveal that the invoice was charged back to the City or credited against an appropriation that would have otherwise gone the City. And discovery may well reveal that the State of North Carolina paid the bill without crediting the city's appropriations. In that event, the City's exhibit would yields only the inconsequential conclusion that the a third-party paid the invoice for "services" DNASI performed in furtherance of a conspiracy between the City and DNASI to, among other things, obstruct justice.

The City's Exhibit 4 is neither integral to Plaintiffs' claims and was not relied upon or referred to in the Amended Complaint. Further, they are not authenticated by an

affidavit, and they are not self-authenticating. Defendants' attempt to extricate themselves from liability for DNASI's conduct in this manner is premature. Plaintiffs respectfully request that the Court exclude from consideration Exhibit 4 from the City of Durham's Motion to Dismiss at this time.

## CONCLUSION

For the foregoing reasons the Court should exclude the City's Orders for Payment [Document #61-5], the University's DukeCard Document [Document # 46-5], and the University Defendants' Argument Map [Document #46-2, Document #48-2, and Document #50-2].

Dated: November 21, 2008                    Respectfully submitted,

**EKSTRAND & EKSTRAND LLP**

/s/ Robert C. Ekstrand
_____
Robert C. Ekstrand (N.C. Bar No. 26673)
811 Ninth Street
Durham, North Carolina 27705
Email: rce@ninthstreetlaw.com
Phone: (919) 416-4590

*Counsel for Plaintiffs Ryan McFadyen, Matthew Wilson, and Breck Archer*

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF NORTH CAROLINA

RYAN McFADYEN, et al.,

       Plaintiffs,

v.

DUKE UNIVERSITY, et al.,

       Defendants.

Civil Action No. 1:07-cv-953

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 21, 2008, I electronically filed the foregoing REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE OR EXCLUDE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Donald Cowan, Jr.
Ellis & Winters, LLP
100 North Greene Street, Suite 102

Greensboro, NC  27401
*Counsel for the University Defendants*

Dixie Wells
Ellis & Winters, LLP
100 North Greene Street, Suite 102
Greensboro, NC  27401
*Counsel for the University Defendants*

Jamie S. Gorelick
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
*Counsel for the University Defendants*

Jennifer M. O'Connor
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Ave., N.W.
Washington, DC  20006
*Counsel for the University Defendants*

Paul R.Q. Wolfson
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
*Counsel for the University Defendants*

William F. Lee
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, MA  02109
*Counsel for the University Defendants*

Dan J. McLamb
Yates, McLamb & Weyher, LLP
One Bank of America Plaza, Ste 1200
421 Fayetteville Street
Raleigh, NC 27601
*Counsel for the Sane Defendants*

Reginald B. Gillespie, Jr.
Faison & Gillespie

P.O. Box 51729
Durham, NC 27717
*Counsel for City of Durham, North Carolina*

Patricia P. Kerner
Troutman Saunders, LLP
434 Fayetteville Street, Suite 1900
Raleigh, NC 27601
*Counsel for Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, Laird Evans, and Lee Russ*

D. Martin Warf
Troutman Sanders LLP
P.O. Drawer 1389
Raleigh, North Carolina 27602
*Counsel for Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, Laird Evans, and Lee Russ*

James B. Maxwell
Maxwell, Freeman & Bowman
P.O. Box 52396
Durham, NC  27717-2396
*Counsel for David Addison, Kammie Michael, Richard D. Clayton and James T. Soukup*

Joel M. Craig
Kennon, Craver, Belo, Craig & McKee
4011 University Drive, Suite 300
Durham, NC 27707
*Counsel for Benjamin W. Himan*

Edwin M. Speas, Jr.
Poyner & Spruill, LLP
P.O. Box 10096
Raleigh, NC 27605-0096
*Counsel for Mark Gottlieb*

Eric P. Stevens
Poyner & Spruill, LLP
P.O. Box 10096
Raleigh, NC 27605-0096
*Counsel for Mark Gottlieb*

Kearns Davis
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
P.O. Box 26000
Greensboro, NC  27420
*Counsel for DNA Security, Inc. and Richard Clark*

Robert J. King, III
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
P.O. Box 26000
Greensboro, NC  27420
*Counsel for DNA Security, Inc. and Richard Clark*

Linwood Wilson
** **Address Redacted Pursuant to Local Rule**

I further certify that I caused the foregoing document to be served by first-class mail, postage prepaid, to the following non CM/ECF participants:

Paul R. Dickinson, Jr.
Lewis & Roberts, PLLC
5960 Fairview Road, Suite 102
Charlotte, NC  28210
*Counsel for Brian Meehan*

James A. Roberts, III
Lewis & Roberts, PLLC
1305 Navaho Drive, Suite 400
Raleigh, NC  27609-7482
*Counsel for Brian Meehan*

Roger E. Warin
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20003
*Counsel for City of Durham, North Carolina*

Robert A. Sar
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2301 Sugar Bush Road, Suite 600
Raleigh, NC  27612
*Counsel for DNA Security, Inc.*

Nicholas J. Sanservino, Jr.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2301 Sugar Bush Road, Suite 600
Raleigh, NC  27612
*Counsel for DNA Security, Inc.*

                                                        Respectfully submitted,
                                                        **EKSTRAND & EKSTRAND LLP**

                                                        /s/ Robert C. Ekstrand
                                                        Robert C. Ekstrand, Esq.
                                                        NC Bar #26673
                                                        811 Ninth Street, Suite 260
                                                        Durham, North Carolina 27705
                                                        Email:  rce@ninthstreetlaw.com
                                                        Phone: (919) 416-4590
                                                        Counsel for Plaintiffs