IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:07-cv-00953

| | |
|---|---|
| RYAN McFADYEN, MATTHEW WILSON; and BRECK ARCHER | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| DUKE UNIVERSITY; et al. | ) ) |
| Defendants. | ) |

**REPLY MEMORANDUM OF JAMES T. SOUKUP, KAMMIE MICHAEL, DAVID W. ADDISON AND RICHARD D. CLAYTON IN SUPPORT OF THEIR MOTION TO DISMISS**

James T. Soukup, Kammie Michael, David W. Addison and Richard D. Clayton, through their undersigned counsel of record, respectfully submit this Reply Memorandum to the Plaintiffs' Opposition to their Rule 12(b)(6) Motion to Dismiss them as Defendants in the Amended Complaint filed on behalf of the Plaintiffs. (Doc. No. 82, hereinafter referred to as "Plaintiffs' Opposition" or "PO").

**PROCEDURAL HISTORY**

On December 18, 2007, the Plaintiffs filed a 404 page Complaint which contained Thirty-five Causes of Action against forty-five (45) named individuals and six (6) corporate entities, including Duke University and the City of Durham. On April 17, 2008, the Plaintiffs filed a 489 page document which they called their First Amended Complaint which contained Forty Causes of Action against the

1

same fifty-one Defendants as had been originally named. On July 2, 2008, these named Defendants, James T. Soukup, Kammie Michael, David W. Addison and Richard D. Clayton, filed their collective Motion to Dismiss the Amended Complaint as it related to them with an accompanying 31 page Memorandum in Support of that Motion. On October 10, 2008, the Plaintiffs filed their 51 page Memorandum in Opposition to these named Defendants' Motion to Dismiss and now, as provided by previous Orders of this Court, these Defendants file and serve their Reply in further support of their Motion to Dismiss.

**STATUS OF CLAIMS AGAINST JAMES SOUKUP, KAMMIE MICHAEL, DAVID W. ADDISON & RICHARD D. CLAYTON**

*David W. Addison*: David Addison is included as a Defendant in twelve of the Causes of Action in the Amended Complaint. He is individually named in Causes of Action 5, 9, 16, 19, 20, 25, 27 and 28 and is presumably included in those Causes of Action which name the "Durham Police Department Defendants" (Causes of Action 11 and 17); the "City of Durham Defendants" (Cause of Action 15); and "All Defendants" (Cause of Action 10).

*Kammie Michael*: Kammie Michael is included as a Defendant in the Amended Complaint in eight of the Causes of Action. She is individually named in Causes of Action 9, 16, 25 and 28 and would presumably be included as a Defendant in those Causes of Action which name the "Durham Police Department

Defendants" (Causes of Action 11 and 17); the "City of Durham Defendants" (Cause of Action 15); and "All Defendants" (Cause of Action 10).

***Richard D. Clayton***: Richard D. Clayton is included as a Defendant in the Amended Complaint in eight of the Causes of Action. He is individually named in Causes of Action 4, 6, 7 and 19 and would presumably be included as a Defendant in those Cause of Actions which name the "Durham Police Department Defendants" (Cause of Actions 11 and 17), the "City of Durham Defendants" (Cause of Action 15) and "All Defendants" (Cause of Action 10).

***James T. Soukup***: James T. Soukup could be considered to be included as a Defendant in the Amended Complaint in eight of the Causes of Action. However, *James T. Soukup is **not** named individually as a Defendant in a single Cause of Action.* Rather, it would be presumed that he could be included as a Defendant in those Causes of Action which name the "Durham Police Department Defendants" (Cause of Actions 11 and 17), the "City of Durham Defendants" (Cause of Action 15), "Durham Police Supervising Defendants" (Causes of Action 13, 16, 26 and 28) and "All Defendants" (Cause of Action 10).

In Plaintiffs' Opposition (Memorandum) to these four Defendants' Motion to Dismiss, the Plaintiffs expend 36 pages attempting to demonstrate to this Court that they have stated actionable claims against James T. Soukup (hereinafter, "Soukup"), Kammie Michael (hereinafter, "Michael"), David W. Addison (hereinafter, "Addison") and Richard D. Clayton (hereinafter, "Clayton"). Beginning on page 9 and continuing to page 25, they claim they have alleged facts

3

that would support actionable claims against these four Defendants for alleged violations of 42 U.S. §1983 violations. Beginning on page 25 and continuing through page 32, the Plaintiffs argue that neither Soukup, Michael, Addison nor Clayton have qualified immunity for Plaintiffs' alleged §1983 claims. On pages 33 and 34 the Plaintiffs argue that they have alleged "a broad conspiracy, agreement or understanding shared by all named Defendants in this AC" in violation of the civil rights of the Plaintiffs as protected in 42 U.S.C. §1983, although in this argument they never mention by name either Soukup, Michael, Addison or Clayton. In addition, none of the paragraphs identified in the Amended Complaint as allegedly supporting this "broad conspiracy" in the Fifteenth Cause of Action (¶¶ 1147 – 1155), mention specific acts, actions or omissions by Soukup, Michael, Addison or Clayton as contributing to this "broad conspiracy." Beginning on page 34 and continuing to page 39, the Plaintiffs contend that the Amended Complaint states actionable claims against Soukup, Michael, Addison and Clayton for violations of 42 U.S.C. §1985 by allegedly conspiring to deprive the Plaintiffs of their alleged "equal protection rights." Finally, on pages 39 to 45 the Plaintiffs contend that they have alleged sufficient facts to state actionable claims under North Carolina law.

It is important for the Court to note that the Plaintiffs identified each of these four Defendants as being employees of the City of Durham and/or the City of Durham Police Department. Soukup is so identified in paragraph 59, Michael

in paragraph 60, Addison in paragraph 61 and Clayton in paragraph 65. In every Cause of Action which purports to hold either Soukup, Michael, Addison or Clayton individually liable to the Plaintiffs for allegedly actionable claims, the City of Durham and/or the Durham City Police Department is also included as a named Defendant. Apparently, in a belated recognition of basic tenets of agent/principle law and decisions of the Supreme Court, the Fourth Circuit Court of Appeals and this District Court, relating to "official capacity claims" against public employees, the Plaintiffs now "agree that under Civil Rights statutes, a claim against an official in their official capacity in which the governmental (sic) is also named is 'in all respects other than name, to be treated as a suit against the [municipality].'" (PO, p. 46). As a result of this well recognized legal principle, the Plaintiffs agree that "the Court may dismiss all official capacity claims against Soukup, Michael, Addison and Clayton in causes of action 4-5, 9-11, 15-17 because the City of Durham is a party in each claim." (PO, pp. 46-47). They go on to state that: "Without conceding that the same principle applies to state law claims, *Plaintiffs will waive the official capacity claims* against Soukup, Michael, Addison and Clayton in causes of action 19, 25-28 as the entity is also a party (sic) that action and the claims is (sic) therefore redundant." (PO, p. 47, emphasis added).

As a result of these candid admissions, the Plaintiffs agreed that this Court should follow established law and dismiss all causes of action or claims against these four Defendants when it is alleged that they were acting in their official

5

capacity and when the City of Durham is a named Defendant. However, the Plaintiffs then assert that they "will not waive the official capacity claims of (sic) Addison in cause of action 20 as the entity (City of Durham) is not a party to the action" and they go on to assert that they "will not waive official capacity claims against Defendants Soukup, Michael, Addison and Clayton in causes of action 6-7 and 13 *as the claims are only in their individual capacity."* (PO, p. 47, emphasis added). It should first be noted that in causes of action 6, 7 and 13, the City of Durham is a named Defendant and this Court would not need the consent of the Plaintiffs to follow existent law and dismiss these causes of actions as duplicative. In addition, in causes of action 6, 7 and 13, the Plaintiffs do not name James T. Soupkup, Kammie Michael or David W. Addison as individually named Defendants. Therefore, there are no claims asserted against them individually and it is difficult to legally comprehend how they could individually have any responsibility for causes of actions in which they are not named as Defendants or that the Court would need the Plaintiffs consent to dismiss them these causes of action.

Nonetheless, these Defendants will briefly address the contentions raised by the Plaintiffs as to whether any of the four of them have potential legal responsibility to any of the Plaintiffs in causes of action 6, 7 and 13 and, Addison will specifically address the issues raised in regard to cause of action 20. However, these Defendants incorporate and also rely upon the legal basis for supporting dismissal as to each of them, individually, for these respective causes

6

of action as contained in their Memorandum in Support of Their Motion to Dismiss (Doc. 43).

**James T. Soukup:** As noted above, Plaintiffs assert that they "will not waive official capacity claims against …Soukup….in causes of action 6, 7 and 13 as the claims are only in their individual capacity." A careful reading of causes of action 6, 7 and 13 demonstrates that there are no claims asserted against James T. Soukup, individually, in either of these three causes of action. He is not a named Defendant in any one of them. In fact, as pointed out in these Defendants' Memorandum in Support of Their Motion to Dismiss, James T. Soukup is not individually named in a single one of the Forty Causes of Action in the Amended Complaint. Intriguingly, not only is Soukup not a named defendant in the three causes of action which the Plaintiffs decline to dismiss against him, he is never mentioned by name in any of the paragraphs that make up the claims in any one of these three causes of action and no conduct that is attributed to him is alleged to constitute a basis for imposing individual liability against him in causes of action 6, 7 or 13. In fact, in Plaintiffs' Opposition" to these Defendants' Motion to Dismiss. ("PO," Doc. 82), Soukup is not even mentioned in the arguments advanced regarding the Sixth or the Seventh Cause of Action (PO, pp. 20-21) which is understandable since no action or inaction on his part is alleged to have violated any of the Plantiffs' constitutional rights in these two causes of action which could subject him to individual liability.

Finally, the Plaintiffs do not want to "waive" official capacity claims in cause of action 13 against Soukup. Interestingly, the only place in the "Plaintiffs' Opposition" filing where there is any discussion about James T. Soukup's possible involvement to the events covered in cause of action 13, Plaintiffs misstate their own pleadings. In Argument II (10) on page 25, they claim that their "Thirteenth Cause of Action, ….asserts a §1983 supervisory liability claim against him (Soukup) in his official and individual capacity." Simply reading the caption to Cause of Action 13 demonstrates that there is no "individual" claim asserted against Soukup as he is not a named Defendant nor he is mentioned by name in any of the 33 paragraphs that comprise the Thirteenth Cause of Action (¶¶ 1107 – 1140). If he were to have any liability for any of the conduct alleged to have occurred in this cause of action (which is specifically denied), then it could only be imposed because of his alleged position as one of the "Durham Police Supervising Defendants" (which has also been previously challenged by pointing out that nowhere in the Amended Complaint does it allege who James T. Soukup supposedly "supervised" that did anything to allegedly violate any of the Plaintiffs' constitutional rights. Again, to the extent that Soukup should or would be deemed to be required to respond as a "supervisor," he will adopt the memorandum to be filed on behalf of the Durham Police Supervising Defendants in regard to the Thirteenth Cause of Action. Because there is no specific act or omission attributed to James T. Soukup in either cause of action 6, 7 or 13 that

would impose individual liability against him in this action, he should be dismissed as an individual Defendant.

**Kammie Michael:** Kammie Michael is not individually named as a Defendant in either cause of action 6, 7 or 13. The Sixth Cause of Action is entitled: "Manufacture of False Inculpatory Evidence & Conspiracy." This Cause of Action relates, primarily, to Plaintiffs' contentions that the SANE Defendants at Duke University fabricated forensic medical evidence for the purpose of corroborating Crystal Mangum's accusations; that an identification procedure was utilized by some of the Durham Police that was in violation of policies and procedures of the Durham Police Department; and, various Defendants conspired to produce a "false and misleading" DNA report. Nowhere in the eight paragraphs of this cause of action (AC, ¶¶ 969 – 977) is Ms. Michael ever mentioned and she should not need to be dismissed from a cause of action in which no claims have been asserted against her. Similarly, the Seventh Cause of Action is entitled: "Concealment of Exculpatory Evidence & Conspiracy" and nowhere in its seven paragraphs (AC, ¶¶ 978 – 985) is Ms. Michael mentioned.

Finally, to suggest that Ms. Michael would be individually liable to the Plaintiffs as a result of the allegations of Cause of Action 13 appears to be a misreading by the plaintiffs of their own Amended Complaint. Cause of Action 13 is entitled: "Supervisory Liability for Violations of 42 U.S.C. §1983." In their Amended Complaint, the Plaintiffs do not identify Ms. Michael as a "supervisor" (see AC ¶65) so she could not be a member of the Durham Police Supervising

Defendants and, once again, she is not individually named a Defendant in this cause of action. Rather, in this cause of action, the Plaintiffs complain that the "Durham Police Supervising Defendants" failed to properly supervise Ms. Michael in the performance of her responsibilities as the Public Communication Officer for the City of Durham. Without conceding any liability to the City of Durham as a result of any conduct of Ms. Michael, the allegations contained in cause of action 13 could, at most, impose liability on the City of Durham; not on Ms. Michael individually. Therefore, Kammie Michael can and should be dismissed from even these three causes of action 6, 7 and 13 as a result of the Plaintiffs' pleadings in them.

**Richard D. Clayton:** Again, as to Richard D. Clayton, the Plaintiffs assert that, while he is entitled to dismissal when acting in his "official capacity" as a police officer of the City of Durham, they will not consent to his dismissal in causes of action 6, 7 or 13 because those "claims are only in their (Soukup, Michael, Addison and Clayton) individual capacity." It should be noted that any claims allegedly made against Clayton in causes of action 6 and 7 involve his performing his official duties as a police officer with the City of Durham and the City of Durham is a named Defendant in both these causes of actions. The failure to describe Clayton's actions as being in his "official capacity" in the heading of these two causes of actions, does not obviate the legal reality of his actions being undertaken in his official capacity and should be dispositive as to his not being required to continue as a named Defendant in either of them.

In addition, and, as was true of both Soukup and Michael above, Clayton is not even a named Defendant in cause of action 13 and he cannot be held accountable for allegations involving supposed lack of supervision by other Defendants.

A brief review of Clayton's peripheral involvement in any of the actions which the Plaintiffs contend give rise to this lawsuit might be instructive. It is alleged that, on two occasions, he participated in an allegedly improper photo identification procedure by showing Crystal Mangum photo arrays which had been prepared by someone else in which she was asked if she could identify any of the individuals in the photographs shown to her as being one of he alleged assailants. (AC ¶ 371 and ¶ 379). It is also alleged that Officer Clayton "searched" Ryan McFayden's dorm room at Duke University pursuant to a valid search warrant signed and issued by the Hon. Ronald Stephens on March 27 (AC ¶ 613). However, there is no allegation that Clayton had anything to do with the issuance of that warrant and in AC ¶ 614 the Plaintiffs allege that only Officers Gottlieb and Himan were "escorted….into McFadyen's dorm..."

Since Ms. Mangum did not identify any of these three Plaintiffs in the photo identification procedure complained about in the Amended Complaint and the dorm room search complained about resulted from a lawfully issued search warrant signed by a presiding Superior Court Judge in Durham County, no action of Clayton, undertaken while he was acting in his official capacity as a police

officer of the City of Durham, could legally cause him to be individually legally responsible. *Kentucky v. Graham,* 473 U.S. 159, 166, (1985)

Alternatively, if the Plaintiffs are attempting to somehow impose individual liability on Clayton as a result of the alleged failure of the State to disclose to the Plaintiffs or their counsel that Ms. Mangum had been unable to identify any of them on March 16 or 21 in the photo identification process, that was a legal decision made by Mr. Nifong and was not an action over which Clayton had any control. It is not even alleged that he was consulted about such decisions.

**David W. Addison:** As is the case with Soukup and Michael above, Addison is not a named Defendant in cause of actions 6 or 7 and is not even mentioned by name in any of the paragraphs in those two causes of action (see AC ¶¶ 969 – 985). As a result of their own pleadings, the Plaintiffs do not need to "waive official capacity claims" against Addison when there are no claims asserted in either of these two causes of action to be waived. Similarly to Ms. Michael, Addison is not individually named as a Defendant in cause of action 13 and does not need the Plaintiffs' waiver to be released from this cause of action. The Plaintiffs do, specifically, complain about the Durham Police Supervising Defendants' alleged failure to properly control and supervise some of his activities in his role as spokesperson for Durham Crimestoppers. However, as framed in this cause of action, liability, if any, (which is denied) would be that of the City of Durham through the Durham Police Supervising Defendants and not that of David Addison individually.

Finally, Plaintiffs contend that Addison should not be dismissed from cause of action 20 ("Intentional Infliction of Emotional Distress") wherein he is named as an individual Defendant. In his original Memorandum to this Court (Doc. 43), Addison addressed this cause of action on pages 24 – 25 and provided this Court with the legal history in North Carolina of intentional infliction of emotional distress claims. As clearly established in cases such as *Briggs v. Rosenthal,* 73 N.C.App. 672, 327 S.E.2d 308, *cert denied* 314 N.C. 11, 332 S.E.2d 479 (1985), in order to support a claim for intentional infliction of emotional distress, the alleged conduct of the defendant must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly 'intolerable in a civilized' community." *Id.*at p. 311. All it is alleged that Addison did in regard to the twentieth cause of action, is to publish information provided to him by the investigators of the alleged incident in which he did not mention any of these three Plaintiffs by name, which would indicate that he was not intentionally trying to emotionally harm them individually. (See Doc. 43, pp. 24 – 25).

In their response to the legal principles enunciated in Addison's Memorandum, the Plaintiffs attempt to rely on the North Carolina Supreme Court decision of *West v. King's Department Stores, Inc.,* 321 N.C. 698, 365 S.E.2d 621 (1989), but their reliance is misplaced. As the Plaintiffs point out in their Opposition (PO, p. 41), in *West*, the defendant store manager loudly and repeatedly accused the plaintiffs of shoplifting merchandise and threatened them

with arrest – all in the presence of other shoppers – while also refusing to look at their proof of purchase. It is clear from reading the Court's decision in *West* that a significant factor in allowing a jury to determine whether the facts in that case rose to the high standards required by such cases as *Briggs, supra,* was the reality that the accusations of the store manager were made specifically about the named plaintiffs who were standing in front of him and the allegations were "in a loud voice *in the presence of others...*" *West* at p. 625 *(*emphasis added). In this instance, Addison is not alleged to have said anything about these named Plaintiffs in particular and he is certainly not accused of personally threatening any of them with arrest. In reality, the allegations in the AC against Addison in regard to his alleged intentional infliction of emotional distress are found in ¶ 1214 wherein he is accused of making "false, insulting, offensive, and inflammatory statements, flyers and other materials about the Plaintiffs." Such allegations are not sufficient. As noted in *Hogan v. Forsyth Country Club,* 79 N.C.App. 483, 340 S.E. 2d 116 (1986), "There is no occasion for the law to intervene in every case where someone's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam….." *Id,*at 493-94. David Addison is entitled, as a matter of law, to that "safety valve" when he was simply performing his official duties as a member of the Durham Police Department charged with protecting the safety of this community and his comments - which were not specifically directed to any one of these three Plaintiffs - do not and

should not, rise to the level of constituting an intentional infliction of emotional distress as to any of them.

**Conclusion**

Because James T. Soukup, Kammie Michael and David W. Addison are not named as individual Defendants in causes of action 6, 7 or 13, they cannot be held to have any individual liability to the Plaintiffs in any of those actions and they should be dismissed as to them, if, indeed, that is needed. Richard D. Clayton is not a named Defendant in cause of action 13 either and for that reason should be dismissed, if, indeed, that is needed as to him.

Richard D. Clayton should be dismissed as an individual Defendant in causes of action 6 and 7 because his involvement in the alleged improper photo identification procedures utilized with Ms. Mangum, as well as his supposed participation in a lawfully ordered search of Mr. McFadyen's dorm room, were all undertaken in his "official capacity" as a police officer for the City of Durham and the City of Durham is a named Defendant in each cause of action.

David W. Addison should be dismissed as an individual Defendant in cause of action 20 because he was sued in his "official capacity" as a police officer for the City of Durham and because the allegations comprising the Twentieth Cause of Action do not rise to the level necessary to support a claim for intentional infliction of emotional distress by him.

This the 24th day of November, 2008.

        /S/ James B. Maxwell
Maxwell, Freeman & Bowman, P.A.
P. O. Box 52396
Durham, NC  27717-2396
Telephone:  919-493-6464
Facsimile:  919-493-1218
Jmaxwell@mfbpa.com
State Bar No.:  2933
*Attorneys for James T. Soukup, Kammie Michael, David W. Addison and Richard D. Clayton*

# Certificate of Service

I hereby certify that I have served a copy of the foregoing Reply Memorandum of James T. Soupkup, Kammie Michael, David W. Addison and Richard D. Clayton in Support of their Motion to Dismiss upon the below listed individuals by electronically filing the document with the Court on this date using the CM/ECF system, which will send notification of such filing to the following:

>Reginald B. Gillespie, Jr.
>Faison & Gillespie
>5517 Durham-Chapel Hill Blvd, Ste. 2000
>P.O. Box 51729
>Durham, NC 27717-1729
>
>And
>
>Roger E. Warin
>Steptoe & Johnson LLP
>1330 Connecticut Avenue, NW
>Washington, DC 20003
>*Counsel for Defendant City of Durham, N.C. and Edward Sarvis*
>
>Patricia P. Kerner
>D. Martin Warf
>Hannah G. Styron
>Troutman Sanders, LLP
>434 Fayetteville Street, Suite 1900
>Raleigh, NC 27601
>*Counsel for Defendants Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lab, Stephen Mihaich, Michael Ripberger, Laird Evans, and Lee Russ*
>
>Jamie Gorelick
>Paul R. Q. Wolfson
>Jennifer M. O'Conner
>Wilmer Cutler Pickering Hale and Dorr, LLP
>1875 Pennsylvania Avenue, NW
>Washington, DC 20006
>
>And

William F. Lee
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, MA 02109

And

J. Donald Cowan, Jr.
Dixie T. Wells
Ellis & Winters, LLP
100 N. Greene St., Ste. 102
Greensboro, NC 27401
*Counsel for Defendants Duke University, Duke University Police Department, Aaron Graves, Robert Dean, Leila Humphries, Phyllis Cooper, William F. Garber, II, James Schwab, Joseph Fleming, Jeffrey O. Best, Gary N. Smith, Greg Stotsenberg, Robert K. Steel, Richard H. Brodhead, Ph.D., Peter Lange, Ph.D., Tallman Trask, III, Ph.D., Johan Burness, Larry Moeta, Ed.D., Victor J. Dzau, M.D., Allison Halton, Kemel Dawkins, Suzanne Wasiolek, Stephen Bryan, and Matthew Drummond.*

Dan J. McLamb
Shirley M. Pruitt
T. Carlton Younger, III
Yates, McLamb & Weyher, LLP
One Bank of America Plaza, Ste 1200
421 Fayetteville Street
Raleigh, NC 27601
*Counsel for Defendants Duke University Health Systems, Inc., Private Diagnostic Clinic, PLLC, Julie Manly, M.D., Theresa Arico, R.N., and Tara Levicy, R.N.*

Joel M. Craig
Henry W. Sappenfield
Kennon Craver Belo Craig & McKee, PLLC
4011 University Drive, Suite 300
P.O. Box 51579
Durham, NC 27717-1579
*Counsel for Defendant Benjamin Himan*

18

Edwin M. Speas
Eric P. Stevens
Poyner Spruill, LLP
301 Fayetteville St., Suite 1900
Raleigh, NC 27601
*Counsel for Defendant Mark Gottlieb*

Robert J. King III
Kearns Davis
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
2000 Renaissance Plaza
P.O. Box 26000
Greensboro, NC 27420
*Counsel for Defendant DNA Security, Inc. & Richard Clark*

Robert A. Star
Nicholas J. Sanservino, Jr.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2301 Sugar Bush Road, Suite 600
Raleigh, NC 27612
*Counsel for Defendant DNA Security, Inc.*

James A. Roberts, III
Paul R. Dickinson, Jr.
Lewis & Roberts, PLLC
1305 Navaho Drive, Suite 400
Raleigh, NC 27609-7482
*Counsel for Defendant Brian Meehan*

Robert C. Ekstrand
811 Ninth Street, Suite 260
Durham, NC 27705
*Counsel for Plaintiffs Ryan McFadyen, Matthew Wilson and Breck Archer*

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700
*Pro Se*

This the 24th day of November, 2008.

                                                <u>/S/James B. Maxwell</u>
                                                Maxwell, Freeman & Bowman, P.A.
                                                P. O. Box 52396
                                                Durham, NC  27717-2396
                                                (919) 493-6464
                                                State Bar No.:  2933