UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:07-cv-00953

| | |
|---|---|
| RYAN MCFADYEN; MATTHEW WILSON; and BRECK ARCHER,<br>Plaintiffs,<br>v.<br>DUKE UNIVERSITY; DUKE UNIVERSITY POLICE DEPARTMENT; AARON GRAVES; ROBERT DEAN; LEILA HUMPHRIES; PHYLLIS COOPER; WILLIAM F. GARBER, II; JAMES SCHWAB; JOSEPH FLEMING; JEFFREY O. BEST; GARY N. SMITH; GREG STOTSENBERG; ROBERT K. STEEL; RICHARD H. BRODHEAD, Ph.D., PETER LANGE, Ph.D.; TALLMAN TRASK, III, Ph.D.; JOHN BURNESS; LARRY MONETA, Ed.D.; VICTOR J. DZAU, M.D.; ALLISON HALTON; KEMEL DAWKINS; SUZANNE WASIOLEK; STEPHEN BRYAN; MATTHEW DRUMMOND; DUKE UNIVERSITY HEALTH SYSTEMS, INC.; PRIVATE DIAGNOSTIC CLINIC, PLLC; JULIE MANLY, M.D.; THERESA ARICO, R.N.; TARA LEVICY, R.N.; THE CITY OF DURHAM, NORTH CAROLINA; MICHAEL B. NIFONG; PATRICK BAKER; STEVEN CHALMERS; RONALD HODGE; LEE RUSS; STEPHEN MIHAICH; BEVERLY COUNCIL; EDWARD SARVIS; JEFF LAMB; MICHAEL RIPBERGER; LAIRD EVANS; JAMES T. SOUKUP; KAMMIE MICHAEL; DAVID W. ADDISON; MARK D. GOTTLIEB; BENJAMIN W. HIMAN; LINWOOD WILSON; RICHARD D. CLAYTON; DNA SECURITY, INC.; RICHARD CLARK; and BRIAN MEEHAN, Ph.D.<br>Defendants. | DEFENDANT LINWOOD WILSON'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT WILSON'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT |

NOW COMES Defendant Linwood Wilson, *Pro Se*, and submits the following Reply to Plaintiffs' Response in Opposition to Defendant Wilson's Motion to Dismiss Plaintiffs' Amended Complaint.

**MATTER BEFORE THE COURT**

The matter before the Court is Defendant Linwood Wilson's Motion to Dismiss Plaintiffs' claims against him, set out in Cause Of Action Fifth, Tenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth and Twentieth in their Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

1

I.  **INTRODUCTION**

Plaintiffs filed this action on December 18, 2007 and amended that filing on April 17, 2008. Pursuant to a request from this Court regarding the location of the audio and video exhibits embedded within the First Amended Complaint ("AC"), Plaintiffs filed the Amended Complaint again on April 18, 2008 with the embedded exhibits as separate documents. Except for the location of the exhibits, the two "First Amended Complaints" are identical. All Defendants filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b) (6) on July 2, 2008. The Court's Order of October 7, 2008 [Document #72], granted Plaintiffs' Motion for Leave to File Opposition Briefs [Document #71], and authorizing Plaintiffs to file their Responses on or before October 10, 2008 with Replies Due by November 26, 2008 [Document #72]. This Reply is in response to Plaintiffs' Opposition to Defendant Wilson's Motion to Dismiss Plaintiffs' Amended Complaint. (Document #83)

II. **ARGUMENT**

In Plaintiffs' Opposition to Defendant Wilson's Motion To Dismiss (Document #83) section I. Standard of Review, (page 5) Plaintiffs' state: A motion to dismiss for failure to state a claim may be granted "only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir. 1989). In examining a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Salami v. Monroe*, No. 1:07CV621, 2008 WL 2981553, at *5 (M.D.N.C. Aug. 1, 2008) (quoting *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Though the complaint is not required to encompass detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations and alterations in original) (quoting *Bell Atl. Corp. v.Twombly*,

127 S.Ct. 1955, 1964-65 (2007)). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 127 S.Ct. at 1965). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* (quoting *Twombly*, 127 S.Ct. at 1969). Further, where Plaintiffs have asserted a civil rights action, the Court "must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002) (internal quotations omitted). With these standards in mind, this Memorandum will identify the factual basis in the Amended Complaint for the causes of action asserted against Defendant Wilson and respond to their arguments for dismissal.

Defendant Wilson argues that Plaintiffs' herein state, "Though the complaint is not required to encompass detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations and alterations in original) (quoting *Bell Atl. Corp. v.Twombly*, 127 S.Ct. 1955, 1964-65 (2007)). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 127 S.Ct. at 1965). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* (quoting *Twombly*, 127 S.Ct. at 1969)." The standard here is simply the words *"[f]actual allegations"*. When Plaintiffs', through their Attorney, allege facts, they are required to verify or establish that the facts alleged are true. When Plaintiffs' through their attorney, allege facts that they know to be false then they have violated Rule 11. Federal Rules For Civil Procedure, Rule 11 requires all papers to be signed by the attorney (if party is represented). It also provides for sanctions against the attorney or client for harassment, frivolous arguments, or a lack of factual investigation. The purpose of sanctions is deterrent, not punitive. Courts

3

have broad discretion about the exact nature of the sanction which can include consent to *in personam* jurisdiction, fines, dismissal of claims, or dismissal of the entire case.

In Plaintiffs' Opposition to Defendant Wilson's Motion To Dismiss Plaintiffs' Amended Complaint (Document #83), Defendant Wilson argues that Plaintiffs', through their attorney, argue and state facts they know to be false as listed below.

1. *Buckley* expressly rejects the provision of absolute immunity for any prosecutor's post-indictment "police investigative work." 509 US at 274 n.5. Wilson alleges nothing other than "police investigative work" at the "direction of a prosecutor." Because that is all that he has alleged, he has no basis for asserting prosecutorial immunity. *See, e.g., Buckley,* 509 US at 274. (Document #83, page7, ¶ 1-2)

2. The Eleventh Cause of Action states a Section 1983 "bystander liability" claim against Defendant Wilson. An officer may be liable under § 1983, on a theory of bystander liability, "if he (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's County,* 302 F.3d 188, 202-04 (4th Cir.2002). The Amended Complaint sufficiently alleges these elements. Plaintiffs allege that he had knowledge that he, Gottlieb, and Nifong (acting as the investigation's supervisor), the District Two Commander, and others were violating Plaintiffs constitutional rights by, among other things, submitting fabricated affidavits to procure the concealing from Plaintiffs the existence of the explosive, exonerating results of tests conducted with their DNA, *id.* ¶¶ 641-42, 644, 765. Wilson had a reasonable opportunity to prevent the harm, *id.,* ¶ 1023; and chose not to act to prevent the harm, *id.* ¶¶ 1023-24. (Document #83, page11, ¶ 1)

3. Wilson does not have immunity for Plaintiffs' § 1983 "bystander liability" claim. The rights that Plaintiffs allege were violated in this cause of action were clearly established no later than 2002. Thus, when Wilson was engaging in the conduct alleged, the Fourth Circuit had clearly established that all law enforcement officers have an affirmative duty to act to

4

intervene when a fellow officer undertakes to violate the constitutional rights of any person either in his presence or within his knowledge. *Randall,* 302 F.3d at 202-04. The Fourth Circuit undertook in *Randall* to clearly define the scope and contours of officer bystander liability. Prior to *Randall*, the Fourth Circuit indicated that bystander liability would be recognized in a proper case. *Jackson v. Pantazes,* 810 F.2d 426, 430 (4th Cir. 1987). The Fourth Circuit has defined the bystander officer as "a tacit collaborator" in the principal's wrongdoing. *Randall,* 302 F.3d at 203(citing with approval the Second Circuit's use of that label in *O'Neill v. Krzeminski,* 839 F.2d 9, 11-12 (2nd Cir. 1988)). A "reasonable official" who knew all that Wilson knew about the evidence in the case and the magnitude of the harm he was causing "would understand that what he is doing violates" Plaintiffs' clearly established right to the aid of an officer who knows his fellow officers are violating Plaintiffs' constitutional rights. *Hope,* 536 U.S. at 739.

4. Wilson held himself out as many things, but primarily as "an investigator." He was employed by the District Attorney for the Fourteenth Prosecutorial District in North Carolina to "assist" Nifong in undefined ways. For purposes of this action, Wilson shared with Nifong certain final policymaking authority, delegated from City officials, with respect to the investigation of Mangum's false accusations. Further, with supervisory and final policymaking authority delegated to him by the Durham Police Internal Affairs Unit and by Captain Lamb, Wilson conducted an "internal investigation" of District Two Sergeant John Shelton. Lamb directed the investigation of Shelton in retaliation for his intention to testify that he knew Mangum's claims were false, that Gottlieb, Himan and the Himan Chain of Command were conspiring to frame innocents, and that the investigation was the Duke Police Department's responsibility.

Plaintiffs', through their attorney, know that Defendant Wilson was not a "police investigator" nor was he even a sworn officer. The General Statutes of The State of North Carolina 7A-69 provide for an investigator position within the District Attorney's Office "[i]t shall be the duty of the investigatorial assistant to investigate cases **preparatory to trial** and to perform such other Duties as may be assigned by the district attorney" (NCGS 7A-69). The investigator position is a civilian position. Plaintiffs' continue to allege that Defendant Wilson was an investigator in "a police sense" and had "police powers". Defendant Wilson had no arrest powers and no prosecutorial powers and could not have arrested nor prosecuted any of the Plaintiffs'. Defendant Wilson had no supervisory authority placed upon him by the City of Durham Police Department nor did Defendant Wilson share with Nifong and have "certain final policymaking authority, delegated from City Officials". Plaintiffs' have continued to group Defendant Wilson as a law enforcement officer in all their pleadings knowing full well that was not true.

Plaintiffs' failure to properly investigate, if by nothing else but simply reading the State Statute (GS 7A-69), or by simply calling the Attorney General's Office, would have verified those facts. Defendant Wilson argues that Plaintiffs' failure to do so, and by filing an action against Defendant Wilson knowing that certain allegations were false, has resulted in a Rule 11 Violation and the sanction for that violation should be dismissal as set out as a remedy in the Federal Rules of Civil Procedure.

> "Rule 11 requires all papers to be signed by the attorney (if party is represented). It also provides for sanctions against the attorney or client for harassment, frivolous arguments, or a lack of factual investigation. The purpose of sanctions is deterrent, not punitive. Courts have broad discretion about the exact nature

of the sanction which can include consent to *in personam* jurisdiction, fines, dismissal of claims, or dismissal of the entire case."

Defendant Wilson relies upon reasons stated in his Memorandum of Law in Support of Motion to Dismiss and Motion to Dismiss (Document #44) and this Reply to Plaintiffs' Response in Opposition to Defendant Wilson's Motion to Dismiss Plaintiffs' Amended Complaint (Doc # 83) for reasons to Dismiss and will not restate those reasons however, Defendant Wilson would argue that Plaintiffs' were never even charged with any crime and have no foundation for this action and it is increasingly clear that Plaintiffs' motives are to extort money from these defendants by bringing an action they know to be frivolous. Therefore Defendant Wilson's Motion to Dismiss should be granted.

### III. CONCLUSION

All causes of action against Defendant Wilson must be dismissed because they are either insufficiently pled, barred by the doctrine of prosecutorial and/or absolute immunity, or both, and a Rule 11 Violation. Accordingly, Defendant Wilson respectfully moves this Court to dismiss all claims with prejudice.

Dated: November 26, 2008

Respectfully submitted,
BY: /s/ LINWOOD E. WILSON
LINWOOD E. WILSON, *Pro Se*
**Address Redacted Pursuant to Local Rule

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted.

This the 26th day of November, 2008.

By: /s/ Linwood Wilson
Linwood E. Wilson, *Pro Se*
**Address Redacted Pursuant to Local Rule**