UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

RYAN McFADYEN, et al.,
   *Plaintiffs,*

v.

DUKE UNIVERSITY, et al.,
   *Defendants.*

Action No. 1:07–CV–953

# PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 7.3(j), Plaintiffs, Ryan McFadyen, Matthew Wilson, and Breck Archer ("Plaintiffs") respectfully move for an order granting Plaintiffs leave to file a Second Amended Complaint.[1] Plaintiffs' proposed amendment would add a new cause of action for violations of Article I, §§ 1, 14, 15, and 19 and Article IX § 1 of the North Carolina Constitution. Because a state constitutional claim arises only when state law remedies are inadequate, the proposed amendment simply preserves Plaintiffs' state constitutional claims in the event that the remedies otherwise

---

[1] Plaintiffs filed their Complaint in this Court on December 18, 2007 [Doc. #1]. Plaintiffs filed their First Amended Complaint [Doc. #34] on April 18, 2008. All Defendants have filed Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on July 2, 2008. The Court formally consolidated Defendants' various Motions to Dismiss [Doc. #40, #41, #44, #45, #47, #49, #51, #53, #55, #57, #59, #61] into a single Motion to Dismiss [designated as Doc. #61] for further consideration by the Court [Order dated March 30, 2009, Doc. #117]. The Court's resolution of those Motions is pending. As explained in this Motion, Plaintiffs' proposed amendment does not alter the analysis of any issues Defendants have raised in their motions to dismiss.

1

available for the wrongful conduct alleged are inadequate. The proposed new claim is authorized pursuant to *Craig v. New Hanover County Bd. of Educ.*, 678 S.E.2d 351 (N.C. June 18, 2009). *Craig* was decided after Defendants' Rule 12 motions to dismiss the First Amended Complaint were fully briefed. Plaintiffs seek leave to amend the Pleadings to explicitly assert a direct cause of action under the North Carolina Constitution without asserting any new factual allegations.

The proposed amendment is shown in Exhibit A (a markup of only the amended pages of the First Amended Complaint). A proposed order granting Plaintiffs leave to amend the pleadings is attached as Exhibit B. Consistent with the Local Rules, Plaintiffs' counsel has conferred with counsel for the two parties named in the new cause of action, the City of Durham and Duke University. Both oppose the Motion.

## I. THE STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is served on a party, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15 (a)(2). Under the Local Rules, a party seeking amendment need not file a supporting brief, but "must state good cause therefor." LR7.3(j). Once a motion is filed, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a)(2). *See Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002); *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999). The Supreme Court has declared that "this mandate is to be heeded," thus establishing a liberal reading of the Rule whereby motions to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Wade Electronics Serv., Inc. v. First*

*Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (noting that the Supreme Court "mandates a liberal reading of the rule's direction for 'free' allowance").

In this Circuit, "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (noting also that "[w]hile *Foman's* enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants"). Moreover, the Fourth Circuit has held that "[d]elay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Edwards*, 178 F.3d at 242 (internal citation omitted). In light of all of these standards, the Court will determine if any of the exceptional reasons for denying otherwise freely given leave to amend is applicable to this case.

## II. GOOD CAUSE SUPPORTS PLAINTIFFS' PROPOSED AMENDMENT

Consistent with Local Rule 7.3(j)'s requirement that Plaintiff state good cause for the proposed amendment, Plaintiffs shows that the proposed amendment clarifies that the Complaint already alleges facts that state claims for violations of the North Carolina Constitution. In addition, the proposed amendment does not implicate any of the concerns courts consider when evaluating Rule 15(a) motions to amend, that is: (i) undue prejudice to the opposing party; (ii) bad faith; (iii) futility of the amendment; (iv) repeated failure to cure deficiencies by amendments previously allowed; and (v) undue delay. *See Foman*, 371 U.S. at 182. None of these concerns are implicated here.

### A. The Amendment Is Not Prejudicial to Any Party Because the Amendment Merely Asserts Claims Already Stated by the Plaintiffs' Extant Allegations

The proposed amendment could not be prejudicial to any party. First, the proposed amendment does not add any new factual allegations or modify any existing allegations, all of which all Defendants have been on notice for well over a year. Second, the proposed amendment asserts an additional theory of liability that is already stated by Plaintiffs' existing allegations. As a practical matter, Plaintiffs' allegations already impliedly state the direct constitutional claim that Plaintiffs seek to make explicit through the proposed amendment. *See, e.g., Jennings v. Univ. of N.C.*, 240 F. Supp. 2d 492, 512 (M.D.N.C. 2002) (holding that a motion to dismiss is not proper "merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory") (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (1990)). Third, the constitutional claim will only arise if the City and the University prevail on the defenses and immunities that they have asserted as a categorical bar to Plaintiffs' recovery in this action. Fourth, the only new legal issue that might arise from the Plaintiffs' amendment is whether the facts alleged also state a direct cause of action against the City and the University for violations of the North Carolina Constitution. They plainly do. Finally, Plaintiffs' proposed constitutional claim raises no other legal issue that has not already been exhaustively briefed in the hundreds of pages Defendants submitted in briefing their motions to dismiss and the City's motion for partial summary judgment.

### B. Plaintiffs Seek to Amend in Good Faith Reliance Upon a Subsequently-Decided Authority That Vitiates the City's Motion for Partial Summary Judgment

On June 18, 2009, the North Carolina Supreme Court addressed—for the first time—whether a plaintiff's direct cause of action under the North Carolina Constitution is subject to the judge-made immunities that defeat the plaintiff's common law claims. In *Craig v. New Hanover County Bd. of Educ.*, North Carolina's Supreme Court held that a cause of action under the North Carolina Constitution is actionable where a plaintiff's state law remedies are inadequate (e.g., because they are barred by judge-made immunities), and the plaintiff's allegations evince a violation of the North Carolina Constitution. 678 S.E.2d 351 (N.C. June 18, 2009). Previously, in *Corum v. Univ. of N.C.*, the Court held that a direct constitutional claim was available "in the absence of an adequate state remedy," but did not address whether such claims were subject to judge-made immunities. 413 S.E.2d 276, 289 (N.C. 1992); *see also Craig,* 678 S.E.2d at 356 (explaining that, in *Corum*, the "Court did not consider the relevance of sovereign immunity" because "state law did not provide for the type of remedy sought by the plaintiff"). In *Craig*, the North Carolina Supreme Court held that, where a plaintiff's claims are all barred by judge-made immunities, the plaintiff's remedies are "inadequate" and, as such, the plaintiff is entitled to "seek to redress all [state] constitutional violations." *Craig*, 678 S.E.2d at 357. Thus, where a plaintiff's common law claims are barred by a judicially-created immunity (as the City contends in its Motion for Partial Summary Judgment), or otherwise leave the plaintiff without an "adequate remedy at state law," the plaintiff may assert claims for violations of the North Carolina Constitution. *Id.* at 352. Moreover, *Craig* specifically held that state constitutional claims are not subject to judicially-created immunities, including the governmental immunity asserted by the City as a bar to Plaintiffs' common law claims. The Court explained these holdings:

> Indeed, to be considered adequate in redressing a constitutional wrong, a plaintiff must have at least the opportunity to enter the courthouse doors and present his [state-law] claim. Under the facts averred by plaintiff here, the doctrine of sovereign immunity precludes such opportunity for his common law negligence claim because the defendant Board of Education's excess liability insurance policy excluded coverage for the negligent acts alleged. ... If plaintiff is not allowed to proceed in the alternative with his direct colorable constitutional claim, sovereign immunity will have operated to bar the redress of the violation of his constitutional rights, contrary to the explicit holding of Corum. ... Instead, individuals may seek to redress all constitutional violations, in keeping with the 'fundamental purpose' of the Declaration of Rights to 'ensure that the violation of [constitutional] rights is never permitted by anyone who might be invested under the Constitution with the powers of the States.

*Id.* at 355-56 (internal citations omitted). Both the City and the University have filed motions seeking precisely the outcome contemplated in *Craig*; that is, to deprive Plaintiffs of "the opportunity to enter the courthouse doors [to] present [their] claims" to a jury. *Id.* at 355.

The City, like the school board in *Craig*, asserts governmental immunity as a complete bar to Plaintiffs' common law claims. City Def.'s Mot. for Par. Summ. J. (Doc. #86), Aff. (Doc. #87), and Br. (Doc. #88). In this regard, the facts before this Court are no different than the facts presented to the North Carolina Supreme Court in *Craig*. Like the governmental entity in *Craig*, the City contends that its excess liability coverage policies do not cover the wrongful conduct alleged by the Plaintiffs. Should the City prevail on its motion for partial summary judgment (and it should not),[2] Plaintiffs could be left without

---

[2] Plaintiffs oppose the City's assertion of governmental immunity. Plaintiffs established in their briefings, among other things, that the City pierced its immunity by (1) purchasing insurance coverage for the conduct alleged, (2) participating in a local government risk sharing pool, and (3) establishing what the City calls its "Immunity Waiver Fund." In addition, Plaintiffs' pointed out that the motion (coming prior to the Court's authorization to conduct any discovery whatsoever) was premature. *See* Pls.' Opp. to Mot. Par. Summ. J. [Doc. #96].

6

an "adequate remedy at state law" despite the presence of allegations establishing that the City violated the rights guaranteed to Plaintiffs by the North Carolina Constitution. *Craig*, 678 S.E.2d at 352. That result is precisely what the North Carolina Supreme Court through its holdings in *Craig* precludes. *See id.*; *see also id.* at 357. ("Our constitutional rights should not be determined by the specific language of the liability insurance policies" purchased by state actors who violate them.) Thus, *Craig* authorizes Plaintiffs to proceed on a direct cause of action against the City and the University arising out of the conduct of their respective police departments' officials and employees for violations of the North Carolina Constitution. *See id.*

The absence of bad faith in Plaintiffs' proposed amendment is also evinced by the fact that, prior to *Craig*, the Court of Appeals held that constitutional claims did not arise under the facts presented here. *See Craig v. New Hanover Bd. Of Deuc.*, 648 S.E.2d 923 (N.C. Ct. App. 2007). The North Carolina Supreme Court reversed the Court of Appeals, and it is on that basis that Plaintiffs seek now to amend the pleadings to explicitly assert their state constitutional claims.

### C. The Proposed Amendment Would Be Futile Only If Defendants' Dispositive Motions Are Denied with Prejudice, and the Amendment Will Not Cause Undue Delay.

After *Craig*, the proposed amendment will be futile only in the event that the Court grants the City and the University all of the relief they seek in their motions to dismiss and the City's motion for partial summary judgment. With respect to the City, Plaintiffs' proposed amendment will not be futile if the Court allows the City's motion for partial summary judgment on the basis of its asserted governmental immunity. Similarly, with respect to the University, the proposed amendment will be futile only in the event that the Court rejects the immunities and other defenses that the University has asserted as a complete bar to all of Plaintiffs' claims. And the City and University cannot argue

7

otherwise, unless they abandon the contentions they have made in their motions to dismiss and in the City's summary judgment briefing (i.e., that all of Plaintiffs' state law claims against the City are barred by governmental immunity).

**D.     Plaintiffs Have Not Have Not Sought Leave to Amend Previously.**

Prior to this Motion, Plaintiffs have not sought leave to amend the pleadings, and, as such, concerns relating to repeated failures to cure deficiencies in the pleadings cannot arise from Plaintiffs' proposed amendment.

## CONCLUSION

In the absence of the Defendants' wholesale waiver of the categorical bars to liability that the Defendants have asserted in this case, there is simply no reason to deny Plaintiffs' Motion for Leave to Amend the Pleadings to explicitly assert a direct cause of action under the North Carolina Constitution that is already stated by Plaintiffs' factual allegations.

Dated:  November 11, 2009            Respectfully submitted,

EKSTRAND & EKSTRAND LLP

/s/ Robert C. Ekstrand              .

Robert C. Ekstrand (NC Bar #26673)
Stefanie A. Sparks†
811 Ninth Street, Suite 260
Durham, North Carolina 27705
Email: rce@ninthstreetlaw.com
Email: sas@ninthstreetlaw.com
Phone: (919) 416-4590

*Counsel for Plaintiffs Ryan McFadyen, Matthew Wilson, and Breck Archer*

---

†     N.C. State Bar Certified Legal Intern under the Supervision of Robert C. Ekstrand

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RYAN McFADYEN, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>DUKE UNIVERSITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:07-cv-953 |

# CERTIFICATE OF SERVICE

I hereby certify that, on November 11, 2009, I electronically filed the foregoing **Motion for Leave to Amend the Pleadings** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Donald Cowan, Jr.
Ellis & Winters, LLP
100 North Greene Street, Suite 102
Greensboro, NC  27401
*Counsel for the University Defendants*

Dixie Wells
Ellis & Winters, LLP
100 North Greene Street, Suite 102
Greensboro, NC  27401
*Counsel for the University Defendants*

Jamie S. Gorelick
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
*Counsel for the University Defendants*

Jennifer M. O'Connor
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Ave., N.W.
Washington, DC  20006
*Counsel for the University Defendants*

Paul R.Q. Wolfson
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
*Counsel for the University Defendants*

William F. Lee
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, MA  02109
*Counsel for the University Defendants*

Dan J. McLamb
Yates, McLamb & Weyher, LLP
One Bank of America Plaza, Ste 1200
421 Fayetteville Street
Raleigh, NC 27601
*Counsel for the Sane Defendants*

Reginald B. Gillespie, Jr.
Faison & Gillespie
P.O. Box 51729
Durham, NC 27717
*Counsel for City of Durham, North Carolina*

Patricia P. Kerner
Troutman Saunders, LLP
434 Fayetteville Street, Suite 1900
Raleigh, NC 27601
*Counsel for Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, Laird Evans, and Lee Russ*

D. Martin Warf
Troutman Sanders LLP
P.O. Drawer 1389
Raleigh, North Carolina 27602
*Counsel for Steven Chalmers, Patrick Baker, Beverly Council, Ronald Hodge, Jeff Lamb, Stephen Mihaich, Michael Ripberger, Laird Evans, and Lee Russ*

James B. Maxwell
Maxwell, Freeman & Bowman
P.O. Box 52396
Durham, NC  27717-2396
*Counsel for David Addison, Kammie Michael, Richard D. Clayton and James T. Soukup*

Joel M. Craig
Kennon, Craver, Belo, Craig & McKee
4011 University Drive, Suite 300
Durham, NC 27707
*Counsel for Benjamin W. Himan*

David W. Long
Poyner & Spruill, LLP
P.O. Box 10096
Raleigh, NC 27605-0096
*Counsel for Mark Gottlieb*

Eric P. Stevens
Poyner & Spruill, LLP
P.O. Box 10096
Raleigh, NC 27605-0096
*Counsel for Mark Gottlieb*

Kearns Davis
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
P.O. Box 26000
Greensboro, NC  27420
*Counsel for DNA Security, Inc. and Richard Clark*


Robert J. King, III
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
P.O. Box 26000
Greensboro, NC  27420
*Counsel for DNA Security, Inc. and Richard Clark*

Linwood Wilson
**\*\* Home Address Redacted Pursuant to Local Rule and ECF P&P Manual.**

Paul R. Dickinson, Jr.
Lewis & Roberts, PLLC
5960 Fairview Road, Suite 102
Charlotte, NC  28210
*Counsel for Brian Meehan*

James A. Roberts, III
Lewis & Roberts, PLLC
1305 Navaho Drive, Suite 400
Raleigh, NC  27609-7482
*Counsel for Brian Meehan*

Roger E. Warin
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20003
*Counsel for City of Durham, North Carolina*

Robert A. Sar
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2301 Sugar Bush Road, Suite 600
Raleigh, NC  27612
*Counsel for DNA Security, Inc.*

Nicholas J. Sanservino, Jr.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2301 Sugar Bush Road, Suite 600
Raleigh, NC  27612
*Counsel for DNA Security, Inc.*

                              Respectfully submitted,

                              **EKSTRAND & EKSTRAND LLP**

                              /s/ Robert C. Ekstrand
                              Robert C. Ekstrand, Esq.(NC Bar #26673)

                              *Counsel for Plaintiffs Ryan McFadyen,*
                              *Matthew Wilson, and Breck Archer*