# EXHIBIT A

*Proposed Second Amended Complaint*

> NOTE:
> Pages of the First Amended Complaint that are unaffected by the proposed amendment (i.e., i - xiv, 2 - 424, and all exhibits annexed to the First Amended Complaint) have been extracted as superfluous for purposes of this Motion. Should leave to amend be granted, the extracted pages and exhibits will be included (unaltered) in the Second Amended Complaint.

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RYAN McFADYEN; MATTHEW WILSON; and BRECK ARCHER,<br>                 Plaintiffs,<br>    v.<br><br>DUKE UNIVERSITY; DUKE UNIVERSITY POLICE DEPARTMENT; AARON GRAVES; ROBERT DEAN; LEILA HUMPHRIES; PHYLLIS COOPER; WILLIAM F. GARBER, II; JAMES SCHWAB; JOSEPH FLEMING; JEFFREY O. BEST; GARY N. SMITH; GREG STOTSENBERG; ROBERT K. STEEL; RICHARD H. BRODHEAD, Ph.D.; PETER LANGE, Ph.D.; TALLMAN TRASK, III, Ph.D.; JOHN BURNESS; LARRY MONETA, Ed.D.; VICTOR J. DZAU, M.D.; ALLISON HALTOM; KEMEL DAWKINS; SUZANNE WASIOLEK; STEPHEN BRYAN; MATTHEW DRUMMOND; DUKE UNIVERSITY HEALTH SYSTEMS, INC.; PRIVATE DIAGNOSTIC CLINIC, PLLC; JULIE MANLY, M.D.; THERESA ARICO, R.N.; TARA LEVICY, R.N.; THE CITY OF DURHAM, NORTH CAROLINA; MICHAEL B. NIFONG; PATRICK BAKER; STEVEN CHALMERS; RONALD HODGE; LEE RUSS; STEPHEN MIHAICH; BEVERLY COUNCIL; JEFF LAMB; MICHAEL RIPBERGER; LAIRD EVANS; JAMES T. SOUKUP; KAMMIE MICHAEL; DAVID W. ADDISON; MARK D. GOTTLIEB; BENJAMIN W. HIMAN; LINWOOD WILSON; RICHARD D. CLAYTON; DNA SECURITY, INC.; RICHARD CLARK; and BRIAN MEEHAN, Ph.D.<br><br>                 Defendants. | Case No. 1:07-cv-953 |

## [PROPOSED] SECOND AMENDED COMPLAINT

## JURY TRIAL DEMANDED

FORTY-FIRST CAUSE OF ACTION: ......................................................................... 425

    VIOLATIONS OF ARTICLE I AND ARTICLE IX OF THE NORTH CAROLINA CONSTITUTION AND CONSPIRACY ............................................................................. 425

RULE 9(j) PRECERTIFICATION ............................................................................. 426

JURY DEMAND ...................................................................................................... 426

PRAYER FOR RELIEF ............................................................................................. 427

**CERTIFICATE OF SERVICE ................................................................................ 429**

Mangum's claims, as both witnesses and putative defendants in a subsequent prosecution of 'accomplices' to the alleged sexual assault.

### FORTY-FIRST CAUSE OF ACTION:
### VIOLATIONS OF ARTICLE I AND ARTICLE IX OF THE NORTH CAROLINA CONSTITUTION AND CONSPIRACY

*(Against the City of Durham and Duke University, directly and based on the acts and omissions of their respective employees and agents while acting in their official capacities)*

1382. Plaintiffs incorporate here all of the preceding allegations (¶¶ 1 – 1381).

1383. The foregoing acts, omissions, agreements, and concerted conduct of officials, employees and agents of the City of Durham's Police Department and Duke University Police Department, acting in their official capacities as employees of the City of Durham Police Department and the Duke University Police Department, constituted willful abuses and perversions of the police powers bestowed upon the City of Durham and Duke University by the State of North Carolina which directly and foreseeably caused deprivations of the rights guaranteed to the Plaintiffs by Article I, §§ 1, 14, 15, and 19 and Article IX § 1 of the North Carolina Constitution.

1384. As a direct and foreseeable consequence of each of these deprivations, Plaintiffs have suffered the loss of education, loss of privacy, loss of liberty, physical harm, emotional trauma, irreparable reputational harm, and economic losses, including but not limited to the costs of retaining counsel, forensic experts, investigators, and other professionals reasonably necessary to aid in their defense throughout the 13-month police investigation of Mangum's false claims and under constant threat of

prosecution as accomplices or principles in a rape, sexual offense, and kidnapping that Defendants knew never occurred.

1385. Plaintiffs plead this direct cause of action under the North Carolina Constitution in the alternative to Plaintiffs' state-law claims should those causes of action be barred in whole or part or otherwise fail to provide a complete and adequate state law remedy for the wrongs committed by the Defendants and their agents and employees.

## RULE 9(J) PRECERTIFICATION

1386. To the extent that any of the foregoing Causes of Action is construed to constitute a cause of action or complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of case under G.S. 90-21.12, undersigned counsel hereby specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care.

## JURY DEMAND

1387. Plaintiffs hereby request a trial by jury on all claims and issues so triable

# PRAYER FOR RELIEF

~~1385.~~ 1388.     WHEREFORE, to redress the injuries proximately and directly caused by Defendants' conduct as stated in the foregoing paragraphs, and to prevent the substantial risk of irreparable injury to other Duke University Students resulting from the policies, customs, practices, and supervising misconduct alleged herein, Plaintiffs hereby requests the following relief:

A.  Compensatory damages for constitutional deprivations; past and future economic loss, physical harm, emotional trauma, loss of privacy, and reputational harm; loss of education and the expenses associated with the criminal investigation and subsequent proceedings maintained by Defendants' unlawful conduct;

B.  Damages in an amount to be established at trial to exemplify and punish those Defendants whose conduct in this matter was outrageous, pursued out of actual malice, a reckless and callous disregard, and a deliberate indifference to Plaintiffs' rights sufficient to dissuade them from engaging in similar conduct in the future, and to deter others similarly situated from engaging in similar misconduct in the future.

C.  Damages in an amount to be established at trial to exemplify and punish those Defendants whose wrongful conduct in this matter was aggravated by fraud, malice, or willful or wanton conduct, as well as those Defendants whose officers, directors, or managers participated in or condoned the conduct constituting the of the entities that participated in or condoned the wrongful conduct that was aggravated by fraud, malice, or willful or wanton conduct.

D.  An award for reasonable and customary costs, expenses, and interest incurred in pursuit of this action; and

E.  All other and further relief the Court may deem just and proper.


Dated: November    , 2009

Respectfully submitted by:

/s/ Robert C. Ekstrand

**EKSTRAND & EKSTRAND LLP**

Robert C. Ekstrand   (NC Bar No. 26673)
811 Ninth Street, Suite 260
Durham, North Carolina   27705
Telephone:   (919) 416-4590
Email:         rce@ninthstreetlaw.com
Attn:          Stefanie Sparks
                   sas233@law.georgetown.edu