## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CIVIL ACTION NO. 1:07-CV-00953

| | |
|---|---|
| **RYAN MCFADYEN,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | **THE CITY OF DURHAM,** |
| ) | **NORTH CAROLINA'S** |
| v. ) | **OPPOSITION TO PLAINTIFFS'** |
| ) | **MOTION FOR LEAVE TO** |
| **DUKE UNIVERSITY,** *et al.*, ) | **AMEND THE PLEADINGS** |
| ) | |
| Defendants. ) | |

Plaintiffs' Motion for Leave to Amend the Pleadings (Doc. No. 130) should be denied. The allegations in Plaintiffs' gargantuan Complaint have been the subject of numerous motions to dismiss by each of the named public and private defendants. Plaintiffs now request leave to add yet another cause of action, under various provisions of the state constitution, more than three years after the events giving rise to this lawsuit took place, twenty-three months after the first Complaint was filed, and another four months since briefing on the motions to dismiss was completed. In these circumstances, justice does not require that Plaintiffs be granted leave to file another amendment. Indeed, a further amendment at this stage would be prejudicial to the City and its taxpayers.

### I.　BACKGROUND

Just short of two years ago, Plaintiffs filed a Complaint alleging, among other things, that they had been harmed by the manner in which the Durham Police Department

investigated rape claims made by Crystal Mangum. *See* Doc. Nos. 1-2. That Complaint consisted of 391 pages, 1,079 numbered paragraphs, and thirty-five separate causes of action. Because of the extraordinary length of the Complaint and the number of causes of action, the parties jointly requested, and this Court approved, substantial additional time and pages for briefing issues that would be raised by Defendants' anticipated motions to dismiss. Doc. Nos. 23, 29.

Less than two weeks before Defendants' deadline to file motions to dismiss, however, Plaintiffs filed an *expanded* Complaint—now consisting of 427 pages, 1,384 numbered paragraphs, and 40 separate causes of action. The following day, Plaintiffs filed a separate version in which numerous documents and multimedia exhibits were filed as separate attachments. Plaintiffs' amendments required complete rescheduling of the Court's previously set deadlines. *See* Doc. Nos. 37, 38.

Following the establishment of a new briefing schedule, Defendants timely filed a number of motions to dismiss. *See* Doc. Nos. 40-62. Plaintiffs filed no briefs in opposition within this Court's deadline for doing so. After the deadline had passed, however, Plaintiffs moved for additional time in which to file. *See* Doc. No. 66. This Court granted Plaintiffs' motion. Doc. No. 72. Plaintiffs subsequently responded to Defendants' motions to dismiss in a number of separate briefings, to which Defendants promptly replied. Doc. Nos. 74-83, 97-102, 104-07; *see also* Doc. Nos. 73, 91-92, 94 (briefings with respect to Plaintiffs' motion to "strike" certain portions of Defendants' motions to dismiss).

Those briefings have been supplemented in several respects. First, the City moved for partial summary judgment on the grounds of governmental immunity, a motion Plaintiffs opposed. Doc. Nos. 86-89, 96, 108-112, 116. Second, at the Court's request, the parties supplemented the pending motions with briefs assessing the impact of the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Doc. Nos. 119-29.

## II. ARGUMENT

### A. Standard of Review.

Subject to certain conditions, a plaintiff has a right to amend a pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a). Additional amendments, however, require leave of court or consent of the adverse party. *Id.* A court should grant leave to amend "when justice so requires," *id.*, but such leave is not automatic. In particular, leave need not be given where the amendment would cause prejudice to the opposing party, is made in bad faith, or would be futile, or where the moving party has been dilatory. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys.*, 853 F.2d 1139, 1148 (4th Cir. 1988); *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987) ("Belated claims which change the character of litigation are not favored.").

Ultimately, subject to these parameters, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182; *see also Deasy*, 833 F.2d at 42 ("[T]rial courts retain the power to ensure that pleadings perform their proper function of framing the issues and facilitating the fair conduct of litigation.").

- 3 -

Case 1:07-cv-00953-JAB-WWD   Document 131   Filed 12/04/09   Page 3 of 9

### B. Plaintiffs' Motion—Coming Nearly Two Years Into Briefing on Defendants' Pending Motions To Dismiss—Is Prejudicial to the City.

Plaintiffs have had every opportunity to bring a claim under the North Carolina Constitution, but chose not to do so, until now, "on the heels of [defendant's] well-supported . . . motion for summary judgment based on immunity." *Sandcrest Outpatient Servs.*, 853 F.2d at 1149. Even if not indicative of bad faith, this course of conduct is at the very least dilatory. *Cf. id.* at 1148 (noting that the motion to amend "was made 18 months after the last event giving rise to the causes of action in this case, more than 8 months after the filing of the initial complaint, and five months after the filing of the first motion to amend the complaint").

Plaintiffs can hardly argue that their dilatoriness is somehow justified by new legal developments. Although their motion is predicated on the North Carolina Supreme Court's decision earlier this year in *Craig v. New Hanover County Board of Education*, 678 S.E.2d 351 (N.C. 2009), that decision was based on the same court's much earlier decision in *Corum v. University of North Carolina*, 413 S.E.2d 276 (N.C. 1992), as well as even earlier cases. *See Craig*, 678 S.E.2d at 354 ("This Court could hardly have been clearer in its holding in *Corum*: '[I]n the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution.'") (quoting *Corum*, 413 S.E.2d at 289); *id.* at 356 (citing *Sale v. State Highway & Public Works Comm'n*, 89 S.E.2d 290 (N.C. 1955), and *Midgett v. North Carolina State Highway Comm'n*, 132 S.E.2d 599 (N.C. 1963), *overruled on other grounds by Lea Co. v. North Carolina Bd. of Transp.*, 304 S.E.2d 164, 174 (N.C. 1983)).

There is thus no reason why Plaintiffs could not have raised this claim earlier,[1] making it apparent that the reason they are raising it now is their anticipation of losing on the pending motions to dismiss and/or motion for summary judgment on grounds of governmental immunity. This is not an adequate reason to grant such a tardy motion. As this Court has noted:

> [C]ourts look disfavorably on motions to amend brought for the purpose of circumventing dispositive motions. . . . Plaintiff, as master of the lawsuit, must assert appropriate claims against proper parties in a timely manner or suffer dismissal. To allow amendment each time a complaint is challenged would wreak havoc on the judicial system by adding substantial delay and undermining the Federal Rules of Civil Procedure.

*Googerdy v. North Carolina Agric. & Technical State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005) (citations omitted); *see also Sandcrest Outpatient Servs.*, 853 F.2d at 1149 (affirming district court's denial of motion to amend in part because the motion appeared to be "possibly prompted only by the [plaintiff's] concern that it would lose on the summary judgment motion" based on immunity).

Nor does the fact that this motion comes five months after *Craig*—and three months after the *Evans* plaintiffs filed a similar motion—weigh in Plaintiffs' favor here. *See Sharkey IRO/IRA v. Franklin Resources*, Nos. 04-MD-1310, 04-MD-15862, 2009 WL 3488351, at *3 (D. Md. Oct. 22, 2009) ("Undue delay may exist when there is no

---

[1] Plaintiffs now seek to assert the state constitutional claims in the alternative. Mot. to Amend (Doc. No. 130) at 7-8; *see also id*. Ex. A, ¶ 1385 ("Plaintiffs plead this cause of action as an alternative remedy"). But nothing precluded Plaintiffs from doing so in the first instance, as the plaintiffs in *Craig* did. *See* 678 S.E.2d at 355 n.4 (noting that constitutional claims were pled as "an alternative remedy, should the court find that sovereign immunity or governmental immunity in any of its various forms exists . . . then, in that event, plaintiffs have no adequate remedy at law and assert the constitutional violations pursuant to the laws of North Carolina").

- 5 -

reasonable justification for a delay between the moving party becoming aware of the need to alter the complaint and the actual filing of the motion to amend."); *see also id.* (denying motion to amend in part because plaintiff waited to move, without justification, "at least six months after first contemplating" doing so).

Moreover, contrary to Plaintiffs' suggestion, allowing them to file an additional amendment at this juncture would cause prejudice to the City of Durham and its taxpayers. The City and individual City employees (as well as other Defendants) have already expended significant resources in detailing the deficiencies in Plaintiffs' lawsuit (and similar deficiencies in the two related lawsuits pending before this Court). And that prejudice must be assessed within the broader context of Plaintiffs' pleadings and motions practice over the past twenty-three months. For example, Plaintiffs insisted on attaching dozens of nonessential exhibits to its Complaint in violation of this Court's Local Rules. *See* Local Rule 7.1(e) ("Bulky or voluminous materials should not be submitted for filing with a pleading or paper, or incorporated by reference therein, unless such materials are essential."). Moreover, those exhibits, combined with the size of the actual Complaint itself, demonstrate complete disregard for federal pleading standards. *See* Fed. R. Civ. P. 8(a)(2) ("a *short* and plain statement of the claim showing that the pleader is entitled to relief") (emphasis added); *see also* Fed. R. Civ. P. 8(d)(1) (allegations must be "simple, concise, and direct"). In prior amendments, Plaintiffs made no effort to bring the complaint more closely in line with federal pleading standards; rather, Plaintiffs *added* new claims, including such novelties as, for example, claims brought pursuant to the Ninth Amendment of the U.S. Constitution. *See* Doc. No. 34

- 6 -

Case 1:07-cv-00953-JAB-WWD   Document 131   Filed 12/04/09   Page 6 of 9

¶¶ 962, 967, 1145. Irrespective of how ludicrous those and other "kitchen sink" claims are, they required that the City expend resources in addressing them. And as to motions practice, it has been more of the same from these Plaintiffs. *See, e.g.*, Doc. No. 73 (filing improper "motion to strike" with respect to Defendants' *motions*, even though motions to strike are permitted only as to *pleadings*); Doc. No. 66 (Plaintiffs' missing deadline on all opposition briefings requires additional briefings and orders, causing delay). For nearly two years, Plaintiffs' willingness to ignore standards of federal pleading has only exacerbated the drain of resources on the City, its employees, and its taxpayers.

Finally, Plaintiffs boldly assert that their allegations "plainly" support each of their new constitutional theories, and that "no other legal issue" is raised by the amendment. Mot. to Amend (Doc. No. 130) at 4. On the contrary: Plaintiffs' amendment raises a number of issues, including not only whether Plaintiffs actually state a claim under any of the five constitutional provisions they assert, but also whether they have an adequate remedy (and are thus precluded from raising a constitutional argument) even if the City prevails on its governmental immunity argument. Indeed, because Plaintiffs' new claim would thus impose a significant additional burden on the City, as well as a corresponding delay in the adjudication of the pending motions, Plaintiffs' proposed amendment would prejudice the City. Plaintiffs' motion should therefore be denied.

If the Court decides, nevertheless, to grant leave to amend the complaint once again, the City requests that it, in turn, be granted leave to file a further motion to dismiss and a supplemental supporting memorandum not to exceed twenty pages.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend should be denied. In the alternative, the City requests leave to file a further motion to dismiss and a supplemental supporting memorandum not to exceed twenty pages.

This the 4th day of December, 2009.

| FAISON & GILLESPIE | STEPTOE & JOHNSON LLP |
|---|---|
| By: /s/ Reginald B. Gillespie, Jr. | By: /s/ Roger E. Warin |
| Reginald B. Gillespie, Jr. | Roger E. Warin* |
| North Carolina State Bar No. 10895 | Michael A. Vatis* |
| 5517 Chapel Hill Boulevard, Suite 2000 | Matthew J. Herrington* |
| Post Office Box 51729 | John P. Nolan* |
| Durham, North Carolina 27717-1729 | Leah M. Quadrino* |
| Telephone: (919) 489-9001 | Steptoe & Johnson LLP |
| Fax: (919) 489-5774 | 1330 Connecticut Avenue, N.W. |
| E-Mail: rgillespie@faison-gillespie.com | Washington, D.C. 20036 |
| | Telephone: (202) 429-3000 |
| | Fax: (202) 429-3902 |
| | E-mail: rwarin@steptoe.com |
| | *Motion for Special Appearance to be filed |

*Attorneys for Defendant City of Durham*

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

      The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted.

      This the 4th day of December, 2009.

                      FAISON & GILLESPIE

                      By: /s/ Reginald B. Gillespie, Jr.
                          Reginald B. Gillespie, Jr.
                          North Carolina State Bar No. 10895