IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NUMBER 1:07-CV-00953

| | |
|---|---|
| RYAN McFADYEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DUKE UNIVERSITY, et al., <br><br> Defendants. | **DUKE UNIVERSITY DEFENDANTS', DUKE SANE DEFENDANTS', AND DUKE POLICE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Plaintiffs seek leave to amend their complaint for the second time, to bring claims under the North Carolina Constitution against Duke University, a private educational institution. Plaintiffs base this request on the North Carolina Supreme Court's decision five months ago in *Craig v. New Hanover County Board of Education*, 363 N.C. 334, 678 S.E.2d 351 (2009). Pls.' Mot. For Leave to Amend the Pleadings ("Mot. to Amend") (Dkt. 130) at 2. *Craig* held that where a plaintiff's common law claim is "*entirely precluded* by the application of the doctrine of sovereign immunity," the plaintiff lacks an "adequate remedy at state law" for the alleged injuries underlying that common law claim, and may, in the alternative, bring a colorable claim under the state constitution "based on the same facts that formed the basis for [Plaintiff's] common law … claim." *Craig*, 363 N.C. at 340, 342, 678 S.E.2d at 355, 356-357 (emphasis added).

Plaintiffs' Motion to Amend should be denied. Plaintiffs have shown no good cause for moving so late in the day to amend their complaint again, having waited to amend the first time until Defendants' motions to dismiss were just shy of completion, and now seeking to amend again after the extensive briefing on the Defendants' motions to dismiss has closed. Moreover, amendment of the complaint would be futile, because Plaintiffs' proposed claim is subject to dismissal for failure to state a claim. Although Plaintiffs now seek to proceed directly under various provisions of the North Carolina Constitution, their factual allegations do not state any basis for relief under the state constitution.

## I. BACKGROUND

Nearly two years ago, on December 17, 2007, Plaintiffs filed a 391-page complaint containing 35 causes of action against Duke University and 50 other defendants. Because of the length and complexity of the complaint, as well as the number of defendants named, the parties filed a joint motion seeking extended briefing, which was granted by this Court. *See* Order (Dkt. 29). Pursuant to the Court's briefing schedule, the Duke University Defendants were divided into two groups (the Duke University Defendants and the Duke SANE Defendants), each to submit its own motion to dismiss. Those briefs were to be submitted on April 25, 2008.

One week before the Defendants' briefs were due, Plaintiffs filed a 427-page Amended Complaint (Dkt. 34), adding more than 300 paragraphs of new factual

allegations and legal theories, and containing 40 causes of action.[1]  Because of the significant new allegations and legal theories in the Amended Complaint, the parties filed another joint motion seeking to extend the briefing schedule for a second time and seeking leave to allow Duke to file an additional brief on behalf of a third group of Duke Defendants, the Duke Police Defendants.  *See* Motion (Dkt. 37).  The Court granted the parties' motion, revised the parties' joint briefing schedule, and allowed Duke to file the additional brief.  *See* Order (Dkt. 38).  All three groups of Duke Defendants completed their briefing in support of their motions to dismiss on November 25, 2008.

Now, almost one year after the Defendants' motions to dismiss were filed, Plaintiffs seek to amend their complaint yet again—this time, to add new, and futile, causes of action against Duke University under the North Carolina Constitution.

## II.  STANDARD OF REVIEW

Plaintiffs have already amended their complaint once as of right.  Leave to amend again is not automatic, but is within the sound discretion of the trial court and may be granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see Shanks v. Forsyth County Park Auth., Inc.*, 869 F. Supp. 1231, 1238 (M.D.N.C. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Under the local rules of this Court, a party seeking

---

[1]  Plaintiffs filed a First Amended Complaint on April 17, 2008 (Dkt. 33).  Plaintiffs re-filed the Amended Complaint on April 18, 2008 in order to change the placement of the embedded video attachments to the pleading in the ECF system.  The ECF system designated the re-filing as the Second Amended Complaint (*see* Dkt. 34), but the pleading remains styled as the First Amended Complaint and is referred to herein as the "Amended Complaint."

leave to amend a complaint "must state good cause" for the amendment. LR7.3(j); *Googerdy v. North Carolina Agr. & Tech. State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005). Denial of a motion to amend is warranted where "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

### III. ARGUMENT

#### A. Plaintiffs Have Failed to Show Good Cause for Amending Their Complaint Again, and Plaintiffs' Proposed Amendment is Dilatory and Prejudicial to Duke University

Plaintiffs have not demonstrated that they have good cause for their effort to add claims under the North Carolina Constitution against Duke University. Plaintiffs rely on the North Carolina Supreme Court's June 18, 2009 decision in *Craig* as a basis for their request for amendment. Mot. to Amend at 2. *Craig*, however, did not change the law in any way relevant to the Duke Defendants' pending motions to dismiss. *Craig* involves a situation where a common law claim is precluded by sovereign immunity. As explained below (p. 7), however, Duke has not moved to dismiss Plaintiffs' claims on grounds of sovereign immunity. There is no reason, therefore, why these new claims could not have been raised in the original Complaint or in the Amended Complaint, where they could have been addressed in the course of the motions to dismiss filed a year ago. *Cf. Sandcrest Outpatient Servs., P.A. v. Cumberland Co. Hosp. Sys.*, 853 F.2d 1139, 1149

(4th Cir. 1988) (affirming denial of motion to amend where appellant waited several months after the filing of his initial and amended complaints to seek leave to amend to "add a request for an additional remedy that appellant was or should have been aware of from the outset").

In any event, *Craig* did not constitute an unanticipated change in the law, such that Plaintiffs might have been excused from raising their claim earlier. *Craig* held that a plaintiff may seek redress of alleged injuries directly under the North Carolina Constitution where a common law claim based on those injuries is "entirely precluded by the application of the doctrine of sovereign immunity," rendering the plaintiff without an adequate state remedy. 363 N.C. at 340-342, 678 S.E.2d at 356-357. But *Craig* was not unexpected; in that decision, the Supreme Court of North Carolina unanimously relied on a 17-year old opinion, *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (1992), which delineated circumstances under which a plaintiff may pursue claims directly under the North Carolina Constitution. Indeed, the plaintiff in *Craig* understood that he could allege violations of the North Carolina Constitution as an alternative to common law claims, and he did just that. *See* 363 N.C. at 340, n.4, 678 S.E.2d at 355, n.4 (noting that plaintiff's constitutional claims were pled "as an alternative remedy, should the court find that sovereign immunity or governmental immunity in any of its various forms exists . . . then, in that event, plaintiffs have no adequate remedy at law and assert the constitutional violations pursuant to the laws of North Carolina"). There is no reason why Plaintiffs could not have done the same in this case almost two years ago.

Permitting Plaintiffs to file another amended complaint nearly two years after the original complaint was filed, after dispositive motions were fully briefed, and while motions to dismiss are under this Court's consideration, would also be needlessly disruptive of this Court's processes and would be unfairly prejudicial to Duke University. If Plaintiffs are allowed to amend again, not only will it disrupt this Court's schedule, but Duke University will be forced to expend additional time and resources to brief the new legal issues that Plaintiffs raise—an expenditure that will be futile because, as discussed more fully below, Plaintiffs' proposed new claim cannot survive a motion to dismiss for failure to state a claim. *See Iannucci v. Alstate Process Serv., Inc.*, No. 1:06-0030, 2006 WL 2792228, at *12 (W.D.N.C. Sept. 27, 2006) (concluding that plaintiff's proposed amendments would prejudice defendants "by requiring them to expend additional resources on claims that are patently not viable"); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (motion to amend should be denied where proposed amendment fails to state a claim and will therefore not withstand a motion to dismiss); *see also* Fed. R. Civ. P. 1 (federal rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

**B.  Plaintiffs' Proposed Amendment Adding Claims Under the North Carolina Constitution Would be Futile**

Plaintiffs should not be permitted to amend their complaint to add state constitutional claims against Duke University because to do so would be futile. Leave to amend should be denied when the proposed amendment would be subject to dismissal for

failure to state a claim. *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990); s*ee also United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (affirming denial of motion to amend on grounds of futility where proposed amended complaint failed to state a claim); *HCMF Corp. v. Allen*, 238 F.3d 273, 277 (4th Cir. 2001) (concluding that plaintiff's proposed amendment was futile where the legal claim plaintiff sought to add was not cognizable under well-established law); *Perkins*, 55 F.3d at 917 (motion to amend should be denied where proposed amendment fails to state a claim and will therefore not withstand a motion to dismiss).

Plaintiffs' proposed new claims would be subject to dismissal for two independent reasons. First, this is not the kind of case where, even under *Craig*, a party may proceed directly under the North Carolina Constitution. Second, Plaintiffs' proposed new claims fail in any event to state violations of the state constitution.

### 1. Plaintiffs cannot pursue state constitutional claims here under *Craig*

As explained above, *Craig* holds that a plaintiff may proceed directly under the state constitution when his common law claims are "entirely precluded by the application of the doctrine of sovereign immunity." *Craig*, 363 N.C. at 342, 678 S.E.2d at 357. That situation, however, has no application here. The Duke Defendants did not move to dismiss any of Plaintiffs' claims against them based on sovereign immunity. Rather, the Duke Police Defendants—in response to Plaintiffs' allegations that the Duke University Police Department had negligently abdicated its alleged "statutory authority" to investigate the rape allegations, instead improperly allowing the Durham Police to

investigate the alleged crime—argued that Plaintiffs' negligence claims against the Duke Police fail as a matter of law because the Duke Police owed no duty of care to Plaintiffs under established common law principles. *See* Brief in Support of Duke Police Def. Mot. to Dismiss (Dkt. 50) at 9-10.

In making its argument, the Duke Police Defendants relied on the public duty doctrine, a common law principle that public authorities such as the police generally do not have an actionable duty of care to individuals. The public duty doctrine, however, is not an immunity, as the North Carolina Supreme Court has stated. In *Myers v. McGrady*, 360 N.C. 460, 628 S.E.2d 761 (2006), the North Carolina Supreme Court made clear that a defense of a "judicially-created immunity," such as sovereign immunity, is separate and distinct from a defense under the public duty doctrine, which recognizes that common law negligence actions fail if the defendant does not owe a duty of care to the plaintiff, but rather owes a duty to the public at large.[2] The Supreme Court of North Carolina was

---

[2]     In *Myers*, the plaintiffs sued the North Carolina Division of Forest Resources for negligence for an auto accident allegedly caused by a forest fire. The court held that even though the state had waived sovereign immunity under the North Carolina State Tort Claims Act, the plaintiffs nonetheless failed to state a claim because the duty allegedly violated—to "prevent, control and extinguish forest fires"—was a public duty not owed to the individual plaintiffs. *Id.* at 463, 628 S.E.2d at 764; *see also id.* ("A civil plaintiff seeking to sue a state agency for negligence for failure to carry out statutorily delegated responsibilities must overcome two limitations that are not present in suits against private individuals: (1) the State must have waived sovereign immunity as to the plaintiff's claim, and (2) the duty alleged by the plaintiff may not be a public duty previously recognized by this Court. If the State has not waived sovereign immunity, then it is immune from the plaintiff's suit in North Carolina courts. . . . If the plaintiff alleges negligence by failure to carry out a recognized public duty, and the State does not owe a corresponding special duty of care to the plaintiff individually, then the plaintiff has
- 8 -

clear that the public duty doctrine is not an immunity defense, but rather that "[t]he public duty doctrine is a separate rule of common law negligence that may limit tort liability, even when the State has waived sovereign immunity." *Id.* at 465, 628 S.E.2d at 766.

Plaintiffs are not permitted to pursue claims directly under the North Carolina Constitution merely because their common law claims fail as a matter of law for reasons other than sovereign immunity. As Plaintiffs here concede, "a state constitutional claim arises only when state law remedies are *inadequate*." Mot. to Amend at 1 (emphasis added); *see Craig*, 363 N.C. at 354, 678 S.E.2d at 338.[3] Under *Craig*, state law remedies for common law claims are "inadequate" only when those claims are "entirely precluded" by sovereign immunity. *Craig*, 363 N.C. at 340-342, 678 S.E.2d at 355-357. *Craig* further explained that a state law remedy is not "inadequate" simply because the plaintiff's common law claim is subject to dismissal at the pleading stage, for reasons other than sovereign immunity. *Craig*, 363 N.C. at 340, 678 S.E.2d at 355-356 (distinguishing circumstances in which a plaintiff's claim is defeated by defenses such as the expiration of the statute of limitations, from circumstances in which a sovereign immunity defense "entirely precludes" the claim); *see also Alt v. Parker*, 112 N.C. App. 307, 317, 435 S.E.2d 773, 779 (1993) (noting that plaintiff could not bring a claim under the North Carolina Constitution because his common law claim for false imprisonment

---

failed to state a claim in negligence." (citations omitted)).

[3]   *See also Hughes v. Bedsole*, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995) ("A claimant whose state constitutional rights have been offended may pursue an action directly under the North Carolina Constitution *only* 'in the absence of an adequate state remedy.'" (emphasis added) (quoting *Corum*, 330 N.C. at 782, 413 S.E.2d at 289)).

- 9 -

was an adequate state remedy, despite the fact that that claim would be dismissed for insufficiency of the proffered evidence); *Rousselo v. Starling*, 128 N.C. App. 439, 449, 495 S.E.2d 725, 732 (1998) (noting that plaintiff was not without an adequate state remedy simply because plaintiff could not demonstrate the additional elements necessary to overcome defenses to plaintiff's common law claims); *Wilkins v. Good*, No. 98-00233, 1999 WL 33320960, at *8 (W.D.N.C. July 29, 1999) (concluding that plaintiffs' claim that they were without an adequate state remedy was without merit where, *inter alia*, they could not bring their common law claims because of their failure to comply with the statute of limitations). In this case, Plaintiffs' common law claims against the Duke Defendants fail, not because they are "entirely precluded" by sovereign immunity, but because they are legally insufficient. The fact that those claims are legally flawed does not provide Plaintiffs with a basis to add claims under the state constitution.

### 2. Plaintiffs cannot state a claim under the North Carolina Constitution

Plaintiffs' proposed new claims are futile for a second reason: they fail to state violations of the North Carolina Constitution. *See Costello v. Univ. of N.C. at Greensboro*, 394 F. Supp. 2d 752, 758 (M.D.N.C. 2005) (proposed amendment futile where proposed claim fails to state a claim upon which relief can be granted); *Shanks*, 869 F. Supp. at 1238 (same).

In their proposed new claims, Plaintiffs allege violations of their rights under Article I, Section 1 (equality and rights of persons), Article I, Section 14 (freedom of speech and press), Article I, Section 15 (education), Article I, Section 19 (Law of the

- 10 -

land; equal protection of the laws), and Article IX, Section 1 (education encouraged) of the North Carolina Constitution. Mot. to Amend at Ex. A, ¶ 1383. With the exception of the education clauses (discussed below, pp. 12-13), the provisions on which Plaintiffs rely provide protections that are parallel to those under analogous federal constitutional provisions. North Carolina courts have consistently treated free speech, due process, and equal protection claims under the North Carolina Constitution as equivalent to claims under their First and Fourteenth Amendment counterparts.[4]

As the Duke Defendants have explained in detail in their motions to dismiss, Plaintiffs failed to state any claims under the First and Fourteenth Amendments to the United States Constitution. *See* Brief in Support of Duke University Def. Mot. to

---

[4] The North Carolina Supreme Court has held that "for purposes of applying our State Constitution's Free Speech Clause we adopt the United States Supreme Court's First Amendment jurisprudence." *State v. Petersilie*, 334 N.C. 169, 184, 432 S.E.2d 832, 841 (1993); *see also Munn-Goins v. Board of Trustees of Bladen Community College*, No. 08-0021, 2009 WL 3150300 (E.D.N.C. 2009) at *14 (noting that the standards for free-speech claims under the North Carolina Constitution and the federal constitution are "substantially identical"). North Carolina courts have also "consistently interpreted the due process and equal protection clauses of the North Carolina Constitution as synonymous with their Fourteenth Amendment counterparts." *Tri-County Paving, Inc. v. Ashe County,* 281 F.3d 430, 435 n.6 (4th Cir. 2002); *see also Rhyne v. K-Mart Corp.*, 358 N.C. 160, 180, 594 S.E.2d 1, 15 (2004); *Dep't of Transp. v. Rowe,* 353 N.C. 671, 675, 549 S.E.2d 203, 207 (2001). Plaintiffs also seek to raise claims under Article I, Section 1 of the North Carolina Constitution, which provides that "all persons are created equal; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty, the enjoyment of the fruits of their own labor, and the pursuit of happiness." This section is "intended to be a check against the government's excessive regulation of business affairs," *Sanders v. State Personnel Comm'n*, 677 S.E.2d 182, 190-191 (N.C. Ct. App. 2009), but to the extent it also protects equal protection rights, those rights are evaluated as they would be under Article I, Section 19. *See Rosie J. v. North Carolina Dep't of Human Resources*, 347 N.C. 247, 251-252, 491 S.E.2d 535, 537-538 (1997).

- 11 -

Dismiss (Dkt. 46) at 12-40; Brief in Support of Duke SANE Def. Mot. to Dismiss (Dkt. 48) at 7-16; Brief in Support of Duke Police Def. Mot. to Dismiss (Dkt. 50) at 31-34. Plaintiffs' proposed new claims under the North Carolina Constitution, based on the very same factual allegations as those asserted in support of their federal constitutional claims,[5] would therefore be subject to dismissal for the same reasons.[6]

The only alleged deprivation of rights in the proposed amendment that does not parallel federal constitutional rights—that Plaintiffs were subject to a "loss of education" in violation of Article I, Section 15 and Article IX, Section 1 of the North Carolina Constitution—also fails to state a claim. *See* Mot. to Amend, Ex. A at ¶¶ 1383-1384. Article I and Article IX of the North Carolina Constitution collectively protect the rights of the *children* of North Carolina to a *public* education. *See, e.g.*, *Leandro v. State*, 346 N.C. 336, 348, 488 S.E.2d 249, 255 (1997) (North Carolina Constitution protects a school child's "fundamental right to a sound basic education"); *Mebane Graded School Dist. v. Almance County*, 211 N.C. 213, 189 S.E. 873, 879 (1937) (citing article IX for the

---

[5] Plaintiffs concede in their Motion to Amend that they do not seek to "add any new factual allegations" to their Amended Complaint. Mot. to Amend at 4.

[6] Moreover, although Plaintiffs cite North Carolina Constitution Article I, Section 14, Plaintiffs fail even to allege a deprivation of free speech rights in their proposed amended claim. *See* Mot. to Amend, Ex. A, at ¶ 1384 ("Plaintiffs have suffered the loss of education, loss of privacy, loss of liberty, physical harm, emotional trauma, irreparable reputational harm, and economic losses…"). On this basis alone, Plaintiffs' proposed free speech claim could not withstand a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (holding that a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and that a pleading that only offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

proposition that "[i]t is the duty of the state to provide a general and uniform state system of public schools"). Article I and Article IX of the North Carolina Constitution do not provide a right to a *private college* education.

Because Plaintiffs cannot state a claim for violation of their rights under the North Carolina Constitution, their proposed amendment would be futile even if they could bring such claims under *Craig*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend should be denied. If this Court allows Plaintiffs to amend their complaint, the Duke Defendants respectfully request leave to file a motion to dismiss and a supporting memorandum of law not to exceed 20 pages.

Respectfully submitted, this the 4th day of December, 2009.

| /s/ Jamie S. Gorelick | /s/ J. Donald Cowan, Jr. |
|---|---|
| Jamie S. Gorelick | J. Donald Cowan, Jr. |
| District of Columbia Bar No. 101370 | N.C. State Bar No. 0968 |
| Wilmer Cutler Pickering Hale and Dorr LLP | Ellis & Winters LLP |
| 1875 Pennsylvania Ave., N.W. | 333 N. Greene Street, Suite 200 |
| Washington, D.C. 20006 | Greensboro, N.C. 27401 |
| Telephone: (202) 663-6500 | Telephone: (336) 217-4193 |
| Facsimile: (202) 663-6363 | Facsimile: (336) 217-4198 |
| Email: jamie.gorelick@wilmerhale.com | Email: don.cowan@elliswinters.com |
| *Counsel for Duke University Defendants, Duke SANE Defendants, and Duke Police Defendants* | *Counsel for Duke University Defendants and Duke Police Defendants* |

/s/ Dan J. McLamb
———————————————
Dan J. McLamb
N.C. State Bar No. 6272
Yates, McLamb & Weyher, LLP
421 Fayetteville Street, Suite 1200
Raleigh, N.C. 27601
Telephone: (919) 835-0900
Facsimile: (919) 835-0910
Email: dmclamb@ymwlaw.com

*Counsel for Duke SANE Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2009, I electronically filed the foregoing Duke University Defendants', Duke SANE Defendants', and Duke Police Defendants' Opposition to Plaintiffs' Motion For Leave to File Second Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> *Counsel for the Plaintiffs*
> Robert C. Ekstrand
> Email: rce@ninthstreetlaw.com
>
> *Counsel for City of Durham and Edward Sarvis*
> Reginald B. Gillespie, Jr.
> Email: rgillespie@faison-gillespie.com
>
> *Counsel for Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Stephen, Mihaich, Beverly Council, Jeff Lamb, Michael Ripberger, and Laird Evans*
>
> Patricia P. Kerner
> Email: tricia.kerner@troutmansanders.com
>
> D. Martin Warf
> Email: martin.warf@troutmansanders.com
>
> Hannah Gray Styron
> Email: hannah.styron@troutmansanders.com
>
> *Counsel for James T. Soukup, Kammie Michael, David Addison, Richard D. Clayton*
> James B. Maxwell
> Email: jmaxwell@mfbpa.com

*Counsel for Mark Gottlieb*
 David William Long
 Email: dlong@poynerspruill.com

 Eric P. Stevens
 Email: estevens@poyners.com

*Counsel for Benjamin Himan*
 Henry W. Sappenfield
 Email: hsappenfield@kennoncraver.com

 Joel Miller Craig
 Email: jcraig@kennoncraver.com

*Counsel for DNA Security, Inc., Richard Clark*
 Kearns Davis
 Email: kdavis@brookspierce.com

 Robert James King, III
 Email: rking@brookspierce.com

*Counsel for Brian Meehan*
 James Avery Roberts, III
 Email: jimroberts@lewis-roberts.com

 Paul R. Dickinson, Jr.
 Email: pauldickinson@lewis-roberts.com

*Counsel for J. Wesley Covington*
 Kenneth Kyre, Jr.
 Email: kkyre@pckb-law.com

*Linwood Wilson, pro se*
 Email: redacted

This 4th day of December 2009.

/s/ Jamie S. Gorelick
Jamie S. Gorelick

Attorney for Duke University, Richard H. Brodhead, Stephen Bryan, John Burness, Kemel Dawkins, Matthew Drummond, Victor J. Dzau, Aaron Graves, Allison Haltom, Peter Lange, Larry Moneta, Robert K. Steel, Tallman Trask III, Suzanne Wasiolek, Duke University Health System, Inc., the Private Diagnostic Clinic, PLLC, Theresa Arico, Tara Levicy, Dr. Julie Manly, Duke University Police Department, Jeffrey O. Best, Phyllis Cooper, Robert Dean, Joseph Fleming, William F. Garber II, Leila Humphries, James Schwab, Gary N. Smith, and Greg Stotsenberg