UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

RYAN McFADYEN, *et al.*,

    *Plaintiffs,*

*v.*

DUKE UNIVERSITY, *et al.*,

    *Defendants.*

Action No. 1:07–CV–953

# REPLY SUPPORTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE PLEADINGS

Rule 15(a) mandates that a trial court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). And the Supreme Court stressed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). In this Circuit, "[p]rejudice or futility or bad faith [are] the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Plaintiffs should be given leave to file their Second Amended Complaint because Duke and Durham have failed to show that "any of the exceptional reasons for denying otherwise freely given leave to amend is applicable to this case." *Dominion Healthcare Servs. v. Value Options, Inc.,* 2009 U.S. Dist. LEXIS 17719 (M.D.N.C. Mar. 5, 2009).

**1. Bad Faith.** Durham and Duke concede that Plaintiffs' Motion is not bought in bad faith. *See* Durham Opp. to Pls.' Mot. to Amend the Pleadings [Doc. #131] ("Durham Br."),

1

at 4 (conceding that Plaintiffs Motion is not brought in bad faith); Duke Univ.'s Opp. to Pls.' Mot. to File a Second Amend. Compl. [Doc. # 132] ("Duke Br."), *passim* (making no contention that Plaintiffs' Motion was brought in bad faith). Thus, this is not the "exceptional case where discretionary leave to amend should be denied on the grounds of bad faith considerations." *See Dominion Healthcare Servs. v. Value Options Inc.*, No.1:08-CV-134, 2009 U.S. Dist. LEXIS 17719, at *7 (M.D.N.C. Mar. 5, 2009).

**2. Undue Prejudice.** Duke and Durham insist that they will be prejudiced by Plaintiffs' proposed amendment, but neither identify any *relevant* facts that would support their contention. Instead, both point to the expense of yet another briefing on yet another meritless motion, and call the expense prejudicial. *See* Durham Br. 4-7; Duke Br. 4-6. While the costs of litigating meritless motions may very well be prejudicial to these Defendants, the prejudice is entirely self-inflicted. In fact, all of the extraordinary expense Duke and Durham have incurred in attacking the pleadings was purely discretionary, and more properly allocated to summary judgment, if at all. However, the costs of a party's ill-conceived litigation strategy is not the sort of "undue prejudice" that Rule 15 guards against.

With respect to the sort of "undue prejudice" that Rule 15(a) does guard against, Duke and Durham's briefing is entirely silent. For example, they do not assert that, in reliance upon the absence of state constitutional claims in Plaintiffs' original pleadings, they have expended significant resources or time in conducting discovery or preparing a defense that excludes the possibility of liability on state constitutional claims. And, to the extent that the state constitutional claims expand the liability Duke and Durham may face in this action, at this early stage of litigation, such expanded liability does not "unduly prejudice[ ]" either of them. *See Dominion Healthcare Servs.*, at *7.

From the outset, Plaintiffs put Duke and Durham on clear notice of the litany of facts upon which Plaintiffs seek to hold them liable. *See, e.g.*, Durham Br. 1-2 (complaining

2

of the extraordinary detail with which Plaintiffs stated their claims in their original Complaint [Doc. #1] and the additional detailed allegations based upon newly discovered facts (and new claims based on them) asserted in Plaintiffs' First Amended Complaint [Doc. #34]). Yet, Plaintiffs' proposed amendment would not modify those detailed factual allegations at all. To the contrary, Plaintiffs' proposed amendment merely relies upon allegations already asserted to make explicit Plaintiffs' intention to seek to hold Duke and Durham liable on a theory that the North Carolina Supreme Court recently held to be available whenever Plaintiffs' state law remedies are "inadequate." *See Craig v. New Hanover County Bd. of Educ.*, 678 S.E.2d 351 (N.C. 2009). That decision was issued after Plaintiffs filed their First Amended Complaint and the parties briefed Defendants' Rule 12 motions. *See id.*

Duke contends that leave to amend should be denied because the Plaintiffs' proposed amendment would add state constitutional claims that are identical to those already asserted in Plaintiffs §1983 claims. *See* Duke Br. 10-12. However, this Court recently declined a similar invitation to deny leave to amend on that basis. *See Dominion Healthcare Servs.*, 2009 U.S. Dist. LEXIS 17719, *12 (Because Defendants contended "that the issues and the legal basis for the federal claim in the original complaint and the state constitutional claims in the Amended Complaint are the same, Defendants cannot now claim, nor does the Court find, that Defendants … will be prejudiced by … the addition of the state constitutional claims as to these same defendants."). Moreover, as *Craig* makes clear, it is precisely when otherwise 'overlapping' state claims provide "inadequate" remedies that a plaintiff may pursue direct claims under the North Carolina constitution. *Craig,* 678 S.E.2d 351, 355 (where available defenses would deprive plaintiff of "at least the opportunity to enter the courthouse doors and present his claims," plaintiff was authorized to "move forward in the alternative, bringing his colorable claims directly under our State Constitution based on the same facts that formed the basis for his [state law] claims.").

Next, Duke asserts that Plaintiffs' cannot avail themselves of the rule established in *Craig* because, Duke contends, *Craig's* authorization to proceed directly under the State Constitution is limited to "the situation" where plaintiffs' claims are "entirely precluded by the application of the doctrine of sovereign immunity." Duke Br. 7. Duke's misreading of *Craig* is difficult to overstate. First, as a technical matter, *Craig* does not involve application of sovereign immunity. *See Craig,* 363 S.E.2d at 353 n.3 ("the immunity [Defendant] possesses is more precisely identified as governmental immunity, while sovereign immunity applies to the State and its agencies."). And dispositive of Duke's argument in this regard, *Craig* explains that "the distinction is immaterial." *Id.* The distinction is immaterial because the Court is not concerned with which particular defense or immunity bars a plaintiff from obtaining an adequate remedy; instead, the court is concerned with ensuring an adequate remedy exists for violations of North Carolina's "supreme law." *Id.* Duke's argument that *Craig's* rule does not apply where the public duty doctrine is nothing more than an invitation is to repeat the Court of Appeals' error in *Craig,* 648 S.E.2d at 926-27 (N.C. Ct. App. 2007). The Court should decline the invitation to make the same error.

Duke and Durham simply do not assert any *specific facts* tending to show "undue prejudice" of any kind recognized as such in this Circuit. Defendants' unadorned 'the amendment will harm me' claims of prejudice simply will not do. *See generally Dominion Healthcare Servs.,* *10-13. Therefore, the complete absence of facts tending to show undue prejudice weighs heavily in favor of granting Plaintiffs leave to amend. And, since "the absence of prejudice is a strong indication that leave to amend should be allowed," the analysis need go no further. *See Davis,* 615 F.2d at 613 ("absence of prejudice, though not alone determinative, will normally warrant granting leave to amend").

**3. Futility.** Defendants contend that Plaintiffs' proposed amendment would be "futile" because the proposed state constitutional claims are indistinguishable from Plaintiffs'

4

existing federal claims under §1983. But Plaintiffs' proposed state constitutional claims assert, in part, deprivation of Plaintiffs' educational rights guaranteed by North Carolina's Constitution. *See, e.g., Craig* (Plaintiff's State Constitutional "claim would vindicate … his right to attend school without being harmed."). Plaintiffs do not assert identical federal constitutional rights, nor could they. But even as to any "overlapping" federal and state constitutional claims, *Craig* made clear that, if Plaintiffs' claims arising out of the same conduct do not produce an "adequate" remedy, Plaintiffs' may proceed in the alternative with their State Constitutional claims. In other words, the law of North Carolina requires that Plaintiffs' be allowed to proceed with direct claims under the State Constitution in the event that its state law fails otherwise to provide Plaintiffs an "adequate" remedy.

**4. Other, Inapposite Contentions.** Duke and Durham also make several arguments that are simply inapposite to the question raised by Plaintiffs' Motion.

First, Duke and Durham assert that Plaintiffs' motion is "dilatory" because, they contend, Plaintiffs should have known that the North Carolina Supreme Court would reverse the Court of Appeals decision in *Craig*. Duke Br. 5 (asserting that "*Craig* did not constitute an unanticipated change in the law"); Durham Br. 4 (asserting that *Craig* is not a "new legal development[ ]"). Contrary to Defendants' suggestion, the Supreme Court's holding in *Craig* did not flow predictably from *Corum v. University of North Carolina*, 413 S.E.2d 276 (N.C. 1992), and "even earlier cases." Durham Br. 4. Their argument is most obviously impugned by the Court of Appeals' reasoning that it was "bound by precedent" to the contrary. *Craig*, 648 S.E.2d at 926–27 (citing *Alt v. Parker*, 435 S.E.2d 773, 779 (N.C. Ct. App. 1993)). Further, prior to June 2009, the Court of Appeals' holding in *Craig* had been followed by at least one federal district court. *See Cooper v. Brunswick County Bd. of Educ.*, No. 4:08-cv-48, 2009 WL 1491447, at *4 (E.D.N.C. May 26, 2009) (rejecting plaintiff's attempt to proceed on direct state constitutional claims where "adequate" tort claims existed,

5

despite the fact that governmental immunity categorically barred them (citing *Craig*, 648 S.E.2d at 927)).

Defendants do not explain how the Plaintiffs should have predicted the Supreme Court's holding in *Craig*, when neither the North Carolina Court of Appeals nor a federal district court applying North Carolina law could. Neither *Corum* nor the other cases Defendants rely upon address the use of state constitutional claims that Plaintiffs' proposed amendment seeks to make of them. The Supreme Court made this explicit in *Craig*: "this Court did not consider the relevance of sovereign immunity" in *Corum* because, in that case, "state law did not provide for the type of remedy sought by the plaintiff." 678 S.E.2d at 356. The other authorities Defendants rely upon do not address the issue of whether direct constitutional claims may be pleaded in the same complaint as state-law claims that may be subject to immunities or the public duty doctrine. *See Midgett v. N.C. State Highway Comm'n*, 132 S.E.2d 599, 607-09 (N.C. 1963), *overruled on other grounds by Lea Co. v. N.C. Bd. of Transp.*, 304 S.E.2d 164, 174 (N.C. 1983); *Sale v. State Highway & Pub. Works Comm'n*, 89 S.E.2d 290, 296-97 (N.C. 1955).

Next, the City and Duke assert that it would be improper for Plaintiffs to seek leave to amend the pleadings as a 'response' to the defenses asserted in Defendants' Rule 12(b) motions. That argument fails at the threshold because they are not basis for denying leave to amend. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Prejudice or futility or bad faith [are] the only legitimate concerns in denying leave to amend …"). The cases Defendants rely upon in this regard are inapposite because they involve plaintiffs attempting to switch the relief sought in the complaint (i.e., from damages to injunctive relief). *See, e.g.,* Durham Br. 4-5 (citing *Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys.*, 853 F.2d 1139, 1148 (4th Cir. 1988), which addressed Plaintiffs' eleventh-hour request to amend the complaint to add a claim seeking injunctive relief). Moreover, the argument is contradicted by the explicit policy decisions that animate the most recent

6

amendment to Rule 15, which became effective December 1, 2009. Amended Rule 15(a) creates an expanded right to amend as a matter of course after a responsive pleading or motion is filed (whereas the pre-amendment rule terminated the right at the time a responsive pleading was filed). The amended rule codifies the policy judgment that the interests of justice are furthered by giving a party the opportunity to file a "responsive amendment" to the pleading that addresses, clarifies, or eliminates the issues raised in a Rule 12(b) motion. *See* FED. RULES CIV. P. 15, Notes of the Advisory Committee on the 2009 Amendments ("A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings."). Therefore, contrary to Defendants' contention that Plaintiffs are somehow barred from amending the pleadings in response to defenses raised in Rule 12 motions, the prevailing policy governing Rule 15(a) "encourage[s]" such responsive amendments.

Finally, Duke violates the Court's rules when it argues (at length) the very motion to dismiss Plaintiff's proposed constitutional claims that it has not been given leave to file. In that regard, these arguments are premature and misplaced in this briefing. *See, e.g., Dominion Healthcare Servs.*, 2009 U.S. Dist. LEXIS 17719, at *12-13, n.2 (rejecting similar attack upon the sufficiency of amended claims because the "argument is misplaced as it not indicative of any prejudice that would result from the Amended Complaint."). Further, in its misplaced attacks on the sufficiency of Plaintiffs' proposed state constitutional claims, Duke resumes its pattern and practice of cherry-picking and recasting, ignoring and distorting, and otherwise misrepresenting Plaintiffs' allegations. And here, as before, the tactic evinces the absence of any plausible basis for attacking the facts Plaintiffs have actually alleged.

## **CONCLUSION**

In the absence of the Defendants' wholesale waiver of the categorical bars to liability that Duke and Durham previously asserted in this case, Duke and Durham have offered no reason to deny Plaintiffs' Motion for Leave to Amend the Pleadings. As such, Plaintiffs should be given leave to file their Second Amended Complaint.

Dated: December 21, 2009

Respectfully submitted,

EKSTRAND & EKSTRAND LLP

/s/ Robert C. Ekstrand                    .

Robert C. Ekstrand (NC Bar #26673)
Stefanie A. Sparks†
811 Ninth Street, Suite 260
Durham, North Carolina 27705
Email: rce@ninthstreetlaw.com
Email: sas@ninthstreetlaw.com
Phone: (919) 416-4590

*Counsel for Plaintiffs Ryan McFadyen, Matthew Wilson, and Breck Archer*

---

†     N.C. State Bar Certified Legal Intern under the Supervision of Robert C. Ekstrand

8

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RYAN McFADYEN, *et al.*, <br>   *Plaintiffs* <br><br> *v.* <br><br> DUKE UNIVERSITY, *et al.*, <br>   *Defendants.* | Action No. 1:07–CV–953 |

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing REPLY SUPPORTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE PLEADINGS has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the Notice of Electronic Filing will be transmitted.

Dated: December 21, 2009      Respectfully submitted,

               /s/ Robert C. Ekstrand     .
               Robert C. Ekstrand (NC Bar #26673)
               *Counsel for Plaintiffs Ryan McFadyen,*
               *Matthew Wilson, and Breck Archer*