IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RYAN MCFADYEN, MATTHEW WILSON )
and BRECK ARCHER )
                                )
            Plaintiffs,          )
                                )
    v.                           )                1:07CV953
                                )
DUKE UNIVERSITY, et al.,         )
                                )
            Defendants.          )

ORDER

This matter is before the Court on a Motion for Leave to File a Second Amended Complaint [Doc. #130] by Plaintiffs Ryan McFadyen ("McFadyen"), Matthew Wilson ("Wilson"), and Breck Archer ("Archer"). In the Motion, Plaintiffs seek leave to file a Second Amended Complaint adding a new cause of action against Defendant City of Durham ("the City") and Defendant Duke University ("Duke") under Article I and Article IX of the North Carolina Constitution, pursuant to the North Carolina Supreme Court's decision in Craig v. New Hanover County Board of Education, 363 N.C. 334, 678 S.E.2d 351 (N.C. 2009). In Craig, the state Supreme Court held that where a plaintiff's claim is precluded by a governmental immunity defense, the plaintiff is without an "adequate remedy at state law" and can assert a claim directly under the state Constitution. See Craig, 363 N.C. at 339-40, 678 S.E.2d at 355-56. In the present case, the City has raised the defense of governmental immunity, and Plaintiffs' proposed Second Amended Complaint therefore seeks to add an alternative cause of action under the state Constitution pursuant to Craig.

Both the City and Duke have filed opposition briefs to the Motion to Amend. In its

Opposition, the City contends that leave to amend should not be allowed because the amendment would cause prejudice to the City by requiring the City to respond yet again to Plaintiffs' Complaint. The City further contends that leave to amend should be denied because Plaintiffs were dilatory in failing to bring a claim under the state Constitution in the original Complaint. The City does not attempt to establish, however, that the amendment would be futile. For its part, Duke likewise contends that the proposed Amendment is dilatory and is prejudicial to Duke by requiring Duke to brief the new legal issues that Plaintiffs raise. Duke further contends that the Amendment would be futile. However, both the City and Duke further request that they be allowed to file a Motion to Dismiss and supplemental memorandum if the Amendment is allowed.

Having considered the matter, the Court concludes that the Motion for Leave to Amend should be granted. Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave when justice so requires." In this case, in light of the decision of the North Carolina Supreme Court in Craig, this Court finds that it is appropriate to allow Plaintiffs to amend their Complaint to assert a cause of action based on this new decision of state law. In these circumstances, the Court does not find that the Motion to Amend is in bad faith, or that Plaintiffs have been dilatory. The Court further finds that neither the City nor Duke will suffer any undue prejudice in the circumstances. In order to reduce the burden on the Defendants, the Court will specifically allow all of the Defendants to incorporate their previous Motions to Dismiss and Briefing by reference. In addition, both Duke and the City have requested that they be allowed to file a Motion to Dismiss and supplemental supporting memorandum not to

2

exceed 20 pages with respect to the newly-added claim, and the Court will allow that request.

As a matter of procedure, Plaintiffs will be required to file their Second Amended Complaint within seven (7) days of this Order. The Court notes that because the Second Amended Complaint will become the operative Complaint in this case, the previously-filed Motions to Dismiss, which sought to dismiss the prior Complaint, will be terminated as moot.[1] All of the Defendants will be allowed to file renewed Motions to Dismiss within 21 days after the Second Amended Complaint is filed in this case. However, in the circumstances, and in order to reduce the need for any additional briefing in this case, those renewed Motions to Dismiss should not be accompanied by any further briefing, and should instead incorporate any previous briefing by reference to the relevant docket numbers in this case, including the supplemental briefing related to the Supreme Court's decision in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and the recently-filed Suggestion of Subsequently Decided Authority [Doc. #134]. In addition, Duke and the City may each file an additional supplemental supporting memorandum not to exceed 20 pages addressing only the new matters reflected in the Second Amended Complaint. A Response, not to exceed 20 pages, may be filed within 21 days thereafter, with a Reply not to exceed 10 pages filed 14 days later. All other Responses and Replies may be incorporated by reference, without the need for further filings or briefing related to the Motions to Dismiss.

---

[1] As a result, the Court notes that Plaintiffs' Motion to Strike [Doc. #73] related to Defendants' previous Motions to Dismiss will also be MOOT. The Court further notes that Motions to Strike are appropriately addressed to pleadings, not to other motions. See Fed. R. Civ. P. 12(f). Therefore, the issues raised in the Motion to Strike may be raised and considered as part of Plaintiffs' Response to the Motions to Dismiss, and may be incorporated by reference to that extent, but are not properly the basis for a separate motion.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File a Second Amended Complaint [Doc. #130] is GRANTED, and Plaintiffs must file their Second Amended Complaint within seven (7) days of this Order. IT IS FURTHER ORDERED that the previously-filed Motions to Dismiss [consolidated at Doc. #61] and the related Motion to Strike [Doc. #73] will be terminated as MOOT. IT IS ORDERED that Defendants may file renewed Motions to Dismiss within 21 days after the Second Amended Complaint is filed, but those renewed Motions to Dismiss should not be accompanied by any further briefing, and should instead incorporate any previous briefing by reference to the relevant docket numbers in this case. IT IS FURTHER ORDERED that Defendants Duke University and the City of Durham may each file an additional supplemental supporting memorandum not to exceed 20 pages addressing any new matters reflected in the Second Amended Complaint, and a Response not to exceed 20 pages may be filed within 21 days thereafter, with a Reply not to exceed 10 pages filed 14 days later.

This, the 16 day of February, 2010.

_____
United States District Judge